The opinion of the court was delivered by
Duncan, J.
The plaintiffs in error have confined their exceptions to the answer of the court to the two points made by them.
It is objected, 1. That the act is unconstitutional, because it is retrospective and impairs contracts; and, 2. If it was constitutional, still it did not operate on actions pending at.the time of its passage.
In a case in principle the same as this, Hess and others v. Werts, (4 Serg. & Rawle, 356,) it was decided that such legislation was not prohibited. It impaired no contract, but removed an impediment to a contract fairly entered into by the defendant. ' It is so far retrospective; but every retrospective act is not void. Retrospective laws divesting vested rights — working the destruclion of a right previously attachéd, are contrary to the principles of sound legislation; but every.retrospective act is not void. An act making that a crime, which was not one when committed,'is retrospective;, but there is a great difference between making an unlawful act lawful, and making an innocent act criminal. This law divests no right, but removes an impediment or disability'. It renders lawful an act prohibited, as if it had been lawful ab initio. It works no injustice — infringes no man’s right — it impairs no contract — but takes from the contract the taint which the policy of the law interposed, and gives to the holder of the note a right to recover on the contract — a right which he would have possessed if there had been no legislative interposition. The party i.s restored to his common law right and c.ommon law remedy. In Ogle v. The Somerset and Mount Pleasant Turnpike Co. (5 Serg. & Rawle, 256,) the constitutionality of the law was not questioned; but the point was, whether the act operated oh suits pending..
*66 The second objection — that the act does not operate on this pending suit — —is one which has received the fuliést consideration of the court; but if it cannot be distinguished from Bedford v. Shilling, and Ogle v. The Turnpike Company, we would not be. disposed to depart from the-principles established in these cases.’ The case of Bedford v. Shilling, was decided on the ground that the word recover, might, without violence, be confined to suits commenced after the act, and a subsequent provision showed, decisively, that this was the meaning. In Ogle’s case, the provision was clearly prospective. "The respective companies shall have the same legal remedy for the recovery of the amount of subscriptions, as if such, provision requiring the- payment of a certain sum for each share had hot been required in the acts aforesaid.” And, by Chief Justice Tilghman, who delivered the opinion of the court; ie When it is said, that the,turnpike, companies shall have the same legal remedy as if the repealed acts had never been passed, it is to be understood that the action is to be in futuro, by,an action commenced after the passing of the law.” But the provision in the act of the 1st of April, 1822, providing for the closing of the concerns of banking institutions, is differently expressed. It provides, “ that the acts and proceedings heretofore done and performed by the board of directors of such bank’subsequent to the forfeiture of its charier, if the said acts and proceedings have been done and performed in the manner, as they might or could have been lawfully done previous to such forfeiture, be and the same are- hereby confirmed and-declared valid in law, with, the same force and effect as -if the same acts and proceedings had been done previous to the forfeiture of such charter.”’ The bringing an action' is an act and proceeding; and the act,,done after the forfeiture, is legalized, as if there had been no forfeiture of the charter. The bringing an action is an act which they might have lawfully performed, if the charter had not been forfeited; and the act is in language so plain, that it would be affectation or stupidity to misunderstand it; it ratifies the bringing of the action, as if it had been done before the forfeiture, ^nd gives it the same force and effect. It is the very case provided for; and if it did not mean to embrace it, it-meant nothing. It is to operate on all the past acts and proceedings of the bank,— all those acts and proceedings theretofore done.
The cases of Bedford v. Shilling and Ogle v. The Turnpike Co. were decided on the words of the several acts of assembly, where the remedy ,was prospective; but this act of assembly legalizes the act done — all that could have been done, had there been no forfeiture.
The construction of the Court of Common Pleas on the healing nature of the provision of the act of assembly, was the true and legal construction, and the judgment is therefore affirmed.
Judgment affirmed.