## DAVIS TAYLOR *vs.* PHILIP B. KEELER.

The act of 1859 which provides that " in all cases in which the plaintiff in an action at law recovers only nominal damages the court may at its discretion allow costs to the plaintiff, or to the defendant, or to neither party," applies to actions pending when the act was passed.

And it applies to such actions although the title to land or right to the use of water may be involved in them.

CASE, for damage by flooding the plaintiff's mill wheel. The defendant claimed the right, as owner of a mill below, to set the water back as he had done. The jury returned a verdict for the plaintiff for one cent damages. The court refused to tax costs for either party, under a statute passed after the action was brought, giving the judge a discretionary power in the matter. The plaintiff excepted, and brought the case before this court by motion in error.

*Hawley* and *Taylor*, for the plaintiff.

*Loomis* and *Brewster*, for the defendant.

DUTTON, J. The jury in this case returned a verdict for one cent damages, evidently intending that they should be merely nominal. The judge, supposing that this brought it within the provisions of the statute of 1859, chap. 22, refused to tax costs in favor of either party. The plaintiff, who is also plaintiff in error, insists that this decision was erroneous. The statute provides " that in all cases in which the plaintiff in any action at law shall recover only nominal damages, the court may at its discretion allow costs to the plaintiff or to the defendant or to neither party." It would be difficult to draw up a statute in more comprehensive terms. The language of it more definitely includes cases pending when it was passed than the statute of 1857, the words of which, " all proceedings brought to obtain a forfeiture of any liquor, &c," have been held to apply to suits previously brought. *Hine* v. *Belden*, 27 Conn., 384. Strong reasons ought to be

Taylor *v.* Keeler.

required to induce a court to exclude a case from its operation which comes so clearly within its terms.

It has been urged that the mischief which the statute was intended to prevent, does not exist, where the right to land, to a way, or to a water course is in issue. It is claimed that in such suits the object is not to recover damages but to try a title, and that the policy of the law has therefore always been to give the prevailing party full costs. It is insisted therefore that the statute in question ought not to be so construed as to repeal the former acts on the subject.

The law undoubtedly does favor the strict enforcement of legal rights. Every one ought to have an opportunity to ascertain by legal proceedings the exact extent of his title to real estate, or to any thing which savors of the realty. The peaceable possession of such property depends very much upon having its limits definitely ascertained. But the assumption that this is the object for which such suits were always brought, is without any foundation. The history of trials has shown that no cases have occupied more time, have been attended with more expense, or have been prosecuted with more obstinacy, than those involving some extremely doubtful, and at the same time almost valueless title to some small strip of land, to some unnecessary right of way, or some useless flow of water. No more striking illustration of this proposition can be found than is presented by the record in this case. While the right of a party to try such questions ought to be strictly preserved, such suits ought not to be encouraged by allowing them to become a kind of lottery, in which the only prize of any value is the costs. We see no reason to believe that the legislature did not have in view the abuse of litigation in such cases as well as in others.

The principal claim made by the plaintiff in error, is, that the court below gave to the statute a retrospective operation, and that this was erroneous. That such a construction is contrary to the general policy of the law will be readily admitted. The cases referred to by the counsel for the plaintiff sustain this doctrine fully. But in what respect is this statute retrospective? The court is not authorized to decide any

question which does not arise after the passage of the law. The language of the statute is " shall recover." In this case the recovery was after the passage of the statute. Legislatures are continually passing laws regulating the trials of cases, and especially introducing new rules of evidence. The effect of a statute of this description, such for instance as that allowing parties to testify, might be to compel a plaintiff to abandon a suit previously brought. But it could not be contended for a moment that such a statute could not apply to a case pending when it was passed.

It is further said, that such a construction might operate as a great hardship on a plaintiff who brought his suit relying upon the recovery of full costs if he should obtain a judgment. It will not be contended that such a plaintiff would have any vested title to costs. Judge Blackstone says that a plaintiff has no certain right, even to damages, till after verdict. 3 Bl. Comm., 438. But it is strongly argued that it would be highly inequitable, at least, to deprive the plaintiff of the chance to recover costs already incurred, as he brought the suit relying on the continuance of the law as it then was. It would be a sufficient answer to say, that a plaintiff has no right to assume that the legislature will not after the commencement of his suit modify proceedings at law in such a manner as to promote the ends of justice. Otherwise the hasty legislation of one session might, before another session, cause a vast amount of wrong which would be irremediable.

But the statute in question carefully guards against any such supposed injustice. If it is equitable for the plaintiff to recover full costs the court is authorized to allow them, and the presumption is that the discretion of the judge will be properly exercised and that full costs will be taxed if the party is equitably entitled to them.

The plaintiff is driven then to the ungracious claim that he should be allowed full costs, although it is inequitable that he should have them.

If this view of the question needed support from authority, we could refer to numerous decisions by which it has been sustained. It has been held in cases too common to require a

reference, that statutes which merely affect the remedy on causes of action, although retrospective, are not only constitutional, but when promotive of justice are treated with favor, although destructive to well grounded anticipations. Laws abolishing imprisonment for debt have been uniformly held to apply, not only to existing liabilities, but to imprisonments on executions issued before the statute took effect. *Mason* v. *Haile*, 12 Wheaton, 370. The legislative dissolutions of the charters of corporations, have abated suits then pending, both for and against such corporations. *Bleakney* v. *Farmers & Mechanics' Bank*, 17 Serg. & Rawle, 64. *Read* v. *Frankfort Bank*, 23 Maine, 318. Sureties on bonds given in the prosecution of a claim, have been relieved by statutes passed after the commencement of the suit. *Oriental Bank* v. *Freeze*, 18 Maine, 109. A statute denying the sufficiency of a parol agreement of a particular character has been applied to cases then pending, brought when there was no necessity that the contract should be in writing. *Towler* v. *Chatterton*, 6 Bing., 258. In the case of *Supervisors of Onondaga* v. *Briggs*, 3 Denio, 173, Jewett, J., in giving the opinion of the court says:—" The right to costs is created by statute and depends wholly upon it, (2 Coke Inst., vol. 4, p. 288,) and the right does not become fixed until the termination of the suit. The recovery of costs must be controlled, as to items and the rate of compensation, by the statutes in force at the time the right to costs accrues, or at the time of taxation."

We have been referred by the counsel of the plaintiff to several cases, a few of which require some notice.

The strongest case in his favor is that of *Bridgeport* v. *Hubbell*, 5 Conn., 237. A statute was passed while in that case a petition for a highway against the town of Stratford was pending, providing that " where any petition was then pending for a highway, within the limits of any city or borough, and it was claimed by the town against which such petition was brought that it was for the special convenience of such city or borough, the court should order a continuance of the petition, and cite in the city or borough to object to the laying out of the highway at its expense ;" and then the court was author-

ized, if it should deem the objections insufficient, to proceed to appoint a committee to lay out the road at the expense of the city or borough. The borough of Bridgeport was cited in, the road laid out, and the whole expense and cost taxed against the borough. The court held, that as it was inequitable to compel Bridgeport to pay the costs which were incurred before it was a party to the proceedings, and which therefore it could not have prevented, the statute should not be construed to apply to those costs. The principal ground taken by the court was, that it was manifestly unjust to make the borough pay these costs, and therefore the legislature could not be presumed, without clear words to that effect, to have intended it; whereas we have seen that in the present case there was no injustice in not compelling the defendant to pay the costs claimed by the plaintiff. In that case also the town of Stratford still remained a party to the proceeding, and was subject to the action of the court. The language of the statute was merely that the court " *might lay out the road at the expense of the city or borough.*" This expense might well be considered as that which accrued after the city or borough was cited in. In the case of *Thames Manufacturing Co.* v. *Lathrop*, 7 Conn., 550, the court proceeded on the ground, that, taking the whole statute in question into consideration, it was manifest that the legislature did not intend to render legal, acts which at the time of commission were illegal, but to confine the operation of the law to the future collection of taxes. A different construction would have extended the operation of the statute beyond what its words required. Although there may be dicta in some of the other cases cited, favorable to the plaintiff's claim, yet it is believed that it will be found that in all of them the court was called upon to give a construction to a statute which would vary or destroy some previous contract, or take away or impair some vested right.

If we are right in regarding the statute as applicable to the case, then the exercise of the discretionary power which it gives to the judge is not the subject of error. We are however satisfied in this case that the discretion was judiciously exercised.

The judgment of the superior court is therefore affirmed.

In this opinion the other judges concurred; except BUTLER, J., who having tried the case in the court below did not sit.