### WALTER FESSENDEN *vs.* CALEB NICKERSON.
### EDWARD S. SAFFORD *vs.* CITY OF BOSTON.

Suffolk.    June 27, August 27. — August 31, 1878.

The St. of 1878, *c.* 173, providing that the compensation awarded to auditors by this court or the Superior Court shall be paid by the county, and shall not be taxed in the bill of costs of either party, applies to a case in which final judgment had not been rendered, nor the compensation of the auditor awarded, before the statute took effect, although he had been appointed and had returned his report before that date.

GRAY, C. J.    By the Gen. Sts. *c.* 121, § 50, "the court shall award reasonable compensation to auditors, to be paid by the plaintiff and taxed in his bill of costs if he prevails." By the St. of 1867, *c.* 67, that section was amended so that such compensation might be paid by either party, and taxed in his bill of costs if he prevailed. By the St. of 1878, *c.* 173, the same section is further amended " so that the compensation awarded by the Supreme Judicial and Superior Courts to auditors appointed

by those courts shall be paid by the counties in which they are appointed, and shall not be taxed in the bill of costs of either party to the action;" and it is provided that the St. of 1867, *c.* 67, shall have no application to auditors appointed by either of these courts. The party upon whose suit or application an auditor is employed may well be liable to pay him a reasonable compensation for his services; but such compensation cannot be recovered against the other party as costs in the cause, except as allowed by statute. *Baker* v. *Thayer*, 3 Met. 312. *Lincoln* v. *Taunton Copper Co.* 13 Allen, 276.

By the St. of 1878, the Legislature has enacted that the fees of auditors in the Superior Court and in this court shall not be taxed in the bill of costs of either party, but shall be paid by the county, like the fees of jurors; and the question presented in the first of the cases now before us is whether this rule is applicable where the auditor had been appointed and had returned his report, but judgment had not been entered, when the statute took effect. The second case differs from the first only in the fact that the auditor, although appointed before the statute took effect, did not return his report till afterwards. The cases have been submitted upon briefs for the plaintiff, being the prevailing party, in each case, and for the city of Boston, which is not only the defendant in one of the cases, but is also interested in the question in both cases, by reason of its obligation to pay all county charges. Gen. Sts. *c.* 17, § 6.

As a general rule, a statute regulating costs, like any enactment dealing with procedure only, applies, unless the contrary is expressed, to all actions, whether commenced before or after it takes effect. *Wright* v. *Hale*, 6 H. & N. 227. *Kimbray* v. *Draper*, L. R. 3 Q. B. 160. In accordance with this rule, it is settled in England, that a statute making executors liable to costs is applicable to an action brought by an executor before its passage. *Freeman* v. *Moyes*, 1 A. & E. 338; *S. C.* 3 Nev. & Man. 883. *Pickup* v. *Wharton*, 4 Tyrwh. 224; *S. C.* 2 Cr. & M. 401. *Grant* v. *Kemp*, 2 Cr. & M. 636. So it has been held, that where a statute authorizes the judge, by his certificate, to deprive the plaintiff of costs in an action of tort in which he recovers a verdict of trifling amount, such a certificate may be made after the statute takes effect, in an action brought and tried

before its passage; and cannot be made after the repeal of the statute, in an action brought and tried while the statute was in force. *Wright* v. *Hale*, above cited. *Morgan* v. *Thorne*, 7 M. & W. 400. See also *Butcher* v. *Henderson*, L. R. 3 Q. B. 335.

In those cases, pending at the time of a general revision of the statutes, in which this court has ordered costs to be taxed according to previous statutes in force when the facts occurred upon which by those statutes the right to costs depended, it has been under an express provision of the revised code that the repeal of the former statutes should not affect any suit or proceeding had or commenced in a civil cause. Rev. Sts. *c.* 146, § 5. Gen. Sts. *c.* 181, § 4. *Gay* v. *Richardson*, 18 Pick. 417. *Sawyer* v. *Bancroft*, 21 Pick. 210. *Brigham* v. *Dole*, 2 Allen, 49.

In *Brigham* v. *Dole*, the court said, " Costs are a mere incident of the judgment. They are not to be taxed, excepting upon a special order in reference to the terms upon which an amendment is allowed, or the like, until final judgment is rendered; and then the taxation must be in conformity to the rules and directions of the law which at the time is in force." 2 Allen, 51. So in *Moore* v. *Watson*, L. R. 2 C. P. 314, it was said by Mr. Justice Willes, and affirmed by the judgment of the court, " The costs of a compulsory reference are costs of the cause; they are taxed upon the judgment, and can only be recovered on it."

In each of the present cases, final judgment not having been rendered, nor the compensation of the auditor awarded by the court, before the St. of 1878 took effect, that statute prohibits it to be now taxed in the bill of costs of either party, and requires it to be paid by the county. The clerk's taxation of costs must therefore be modified by striking out the auditor's fee; and an order should be entered, determining the compensation of the auditor, and directing that it be paid by the county, and a copy of that order transmitted by the clerk to the treasurer.

*Ordered accordingly.*

*L. M. Child*, for Fessenden.

*N. B. Bryant*, for Safford.

*H. W. Putnam*, for the city of Boston.