| 82 | 629 |
| 103 | 670 |
| 62 | 629 |
| 104 | 712 |

DOWELL, ADM'R, v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

1. **Railroads:** RISKS ASSUMED BY EMPLOYES: DANGERS FROM SNOW BANKS. Railroad employes assume the risk of all dangers necessarily attendant upon the operation of the roads. Among these dangers are those arising from snow and its removal from the track in the usual manner—by the use of snow plows; and an employe who is injured by a snow bank, made along the track by the ordinary use of a snow plow, cannot recover for such injury, and the company cannot be charged with negligence on account thereof.

2. **Estates of Decedents:** PAYMENT TO WIDOW OF DECEDENT NO SATISFACTION. A railway company cannot satisfy the estate of an employe, killed through its negligence, by settlement with and payment to his widow—she not being the administratrix of his estate.

*Appeal from Linn Circuit Court.*

SATURDAY, DECEMBER 15.

ACTION to recover damages to the estate of which plaintiff is

the administrator, resulting from the death of the intestate, caused by personal injuries received by him through the alleged negligence of defendant, while he was in its employment as a brakeman.   There was a judgment upon a verdict for plaintiff.   Defendant appeals.

*J. & S. K. Tracy*, for appellant.

*Traer & Voris*, for appellee.

Beck, J.—I. The plaintiff's intestate, while in the discharge of his duty as a brakeman upon a train running upon defendant's road, fell from the engine, where he, with the conductor, was at the time, and was run over and killed by the train.   He was directed by the conductor to look back to discover whether the train was separated, and, in obedience to this command, went to the side of the engine.   He was last seen in life there.   No one observed his fall, and the cause of it is not shown by the evidence.   At the time, the train was passing through a snow bank about ten feet high.   The track had been cleaned off, and the snow deposited by the snow plow on the bank, four or five days before the accident. The snow bank at the bottom was far enough away to permit the cars to pass, and it receded at an angle of about forty five degrees, according to the testimony of some of the winesses. Others testified that the bank at some points approached to within fifteen inches of the cars.   The intestate assisted to clear off the track, and had knowledge of the character of the snow bank and the distance it was from the cars.

II. Plaintiff insists that the intestate, in looking back as directed by the conductor, was struck by the snow bank, which caused his fall, and that defendant was negligent in permitting the bank to remain too near the track.   But there is no positive evidence supporting the fact upon which this theory is based, and the jury so find in response to a question propounded to them.   The appearance of the snow at the place where the intestate fell did not indicate that he was

struck by the bank.    It did show that he fell against the bank.

III. The court directed the jury, in effect, that, if from the evidence they could not find whether the accident was **1. RAILROADS: risks assumed by employes: dangers from snow-banks.** the result of defendant's negligence, or want of ordinary care by the intestate, and "the matter is thus left to conjecture," their verdict should be for defendant, and that, if they found that the snow bank was so near the cars that the intestate could not have obeyed the order to look back without being struck, while exercising ordinary care, and in ignorance of the fact that there was a snow bank at the place, they should find for plaintiff.

The defendant's counsel asked instructions to the effect that the defendant was not to be regarded as negligent on account of the proximity of the snow bank to the track, and that the deceased assumed, in entering the employment, the risk of the dangers resulting therefrom.    These instructions were refused.    We are of the opinion that defendant ought not to be charged with negligence on account of the proximity of the snow bank to the track.    The accumulation of snow upon the railroad track must be removed, in order to make the operation of the trains possible.    This was done in this instance by a snow plow, a common instrument used for the purpose of removing snow from the track.    The defendant was not negligent in using it.    These conditions and incidents connected with snow are known to the employes of railroads, and were well known to the intestate, for he assisted in clearing the track.    The bank where the accident occurred was in the condition in which it was left by the snow plow. The dangers from the snow bank were such as are inseparable from the operation of the road when snow prevails and is removed from the track, and the risk of them was assumed by the intestate.    Railroad employes assume the risk of all dangers necessarily attendant upon the operation of the roads. The dangers from snow, and from its removal from the track

in the usual manner, always attend the operation of railroads when snows prevail, and are contemplated by railroad employes when they accept employment in the operation of trains in winter, and the railroad companies are not liable for accidents resulting therefrom. These doctrines should have been expressed in an instruction to the jury.

IV. We are of the opinion that the verdict is without the support of evidence. There is no evidence tending to prove that defendant was negligent. In leaving the snow bank stand so near the track, it is not chargeable with negligence, and it is not attempted to establish negligence upon any other ground. And there is no evidence that the intestate, was struck by the snow bank, causing him to fall. The only evidence upon this point of the case tended to prove that he was not struck by the bank.

V. Defendant pleaded satisfaction of the damages claimed in this case by payment to the widow of intestate. She is not and was not the administratrix, and could not release the claim of the estate of the intestate based upon his death through negligence of defendant. She could release the claim for the damages she individually sustained, and the satisfaction pleaded by defendant could extend no farther. For the errors pointed out, the judgment of the district court is

2. ESTATES of decedents: payment to widow of decedent no satisfaction.

REVERSED.