JOHN LEW ET UX. *vs.* THOMAS M. BRAY.

Third Judicial District, New Haven, June Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The right to costs is created by statute and ordinarily depends upon those which are in force at the termination of the action rather than those which existed at its commencement.

Chapter 97 of the Public Acts of 1907, amending General Statutes, § 769, and authorizing the plaintiff's recovery of full costs in certain cases in which the title to property is in question, regardless of the value of the property or of the amount of damages awarded, applies to cases pending at the date of its passage.

The legislature unquestionably has the power to enact laws relating to procedure and affecting pending cases.

The taxation of costs relates to procedure only.

Argued June 10th—decided August 3d, 1908.

ACTION in the nature of ejectment to recover possession of a small strip of land in the town of Branford, and for damages, brought to and tried by the Court of Common Pleas in New Haven County, *Bennett, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant. *No error.*

The plaintiffs and the defendant own adjoining lots, which were purchased by them from the same grantor. The defendant's lot is located north of that of the plaintiffs. The land in dispute is a triangular strip about one hundred and ten feet long, and one foot and nine and one half inches wide on the westerly end, extending to a point at a street at the easterly end. The plaintiffs claim the northerly line of this triangular strip as their north line, and the defendant claims the southerly line of the triangle as his south line. The point in dispute between the parties is the location of the northerly terminus of the plaintiffs' westerly boundary line. Their deed calls for a line one hundred and sixty-eight feet long, measuring

northerly from a street which is their southerly boundary. They were the earlier purchasers. Before their deed was given the westerly boundary was measured by them and a representative of the grantor, and a stake driven at a point one hundred and sixty-eight feet north of the street. The land over which the measurement was made is rough and uncultivated, and the surface at a point intermediate between the two ends of the boundary line is about twelve feet below the level of the ground at the ends. After their purchase, the plaintiffs and their grantor, before the defendant had purchased his lot, erected a fence extending from the stake to the northeasterly corner of the plaintiffs' lot. The defendant claims that in making the measurement the parties followed the surface of the ground, and that this brought the point at which the stake was driven at the southwesterly corner of the triangular strip in question. By measurement on a horizontal line the northwesterly corner of the strip is the point one hundred and sixty-eight feet from the plaintiffs' front line. The defendant having removed the fence and erected a stone retaining wall along the southerly line of the triangle, claims that the wall is upon the line occupied by the fence. The court found that the measurement was made on a horizontal line through the air, and sustained the plaintiffs' claim as to the location of their northwesterly corner. From this finding, and from the court's action in taxing full costs, the defendant appeals.

*Talcott H. Russell* and *Harry W. Doolittle,* for the appellant (defendant).

*Henry G. Newton* and *E. P. Arvine,* with whom was *Frank J. Kinney,* for the appellees (plaintiffs).

THAYER, J. We perceive no reason why the finding of the trial court should be corrected. The case turned

Lew *v.* Bray.

upon the location of the northwesterly corner of the plaintiffs' land. The parties derive title from the same grantor, the plaintiffs' purchase being the earlier. By the terms of their deed their northwesterly corner would be one hundred and sixty-eight feet, measured along their westerly boundary line, from a street on the south of their lot. Just before the deed was given, the plaintiffs and their grantor measured said westerly line and drove a stake at the northerly end of the line as thus fixed. Shortly after the deed was given they jointly erected a fence from the point so fixed easterly along the plaintiffs' northerly line to a street upon the east of their lot. This was before the defendant purchased. It is agreed by the parties that if the defendant's present wall stands upon the site of the fence thus erected, the judgment below was erroneous. There was conflicting evidence as to the precise location of this fence when erected, and the court has found that it did not stand upon the line now occupied by the defendant's wall, but that the defendant, some time prior to building said wall, took up a portion of the fence at the eastern end and replaced the same, setting it over upon the premises of the plaintiffs, and that when he built his wall he took up the westerly end of the fence and placed the westerly end of his wall one foot, nine and one half inches southerly of the fence line.

The court also finds that the original measurement, made before the plaintiffs' deed was given, was made horizontally through the air, and did not follow the contour of the ground. The defendant claims that this finding is inconsistent with the evidence, which has been certified, and with the finding of the court based thereon, that the measurement was made "with a tape measure about fifty feet long," held "a little way from the ground, perhaps a foot or so, and sometimes down on the ground." The distance in a horizontal line could be accurately arrived at although measured in sections with the measuring tape

kept near the ground and at a different elevation in the different sections, provided in each section it was held at right angles to the plumb line passing through the starting point. There is no such inconsistency between the different parts of the finding, or between the finding and the evidence, as to warrant this court in making the changes asked for.

The defendant assigns as error that full costs were taxed in favor of the plaintiffs. It does not appear in the record that the matter of the taxation of costs was brought to the attention of the court in the regular way, by appeal from the clerk's taxation, or in any other way. As the plaintiffs raise no question on this ground, it will be assumed that the matter was properly brought to the court's attention. Under § 769 of the General Statutes, which was in force when this action was begun, the plaintiffs could recover no more costs than damages, since the value of the property sought to be recovered is found to be less than $50, and the damages were assessed at less than $50, and the action was not brought to the Court of Common Pleas by appeal. By an Act (Public Acts of 1907, p. 652, Chap. 97) passed and in force before the case was tried, § 769 was amended, the provision as to the value of the property omitted, and the section as amended reads as follows: "In all actions founded on tort tried in the superior court, court of common pleas, or the district court of Waterbury, or any city court, and not brought to such court by appeal, if the damages found do not exceed fifty dollars, the plaintiff shall recover no more costs than damages, unless the title to property, or a right of way, or to the use of water, is in question, or unless the damages were reduced below said amount by reason of some act of the defendant pending the suit; in either of which cases the plaintiff shall recover full costs." As amended, the statute permits full costs in cases where the title to property is in question, although

the value of the property and the damages assessed are each less than $50. The language is broad enough to include, and evidently was intended to include, cases thereafter tried, whether pending at the time the Act took effect, or thereafter brought. The right to costs is created by statute and depends upon the statutes in force at the termination of the action and not those in force when it was commenced. *Taylor* v. *Keeler*, 30 Conn. 324, 326; *Supervisors of Onondaga* v. *Briggs*, 3 Denio (N. Y.) 173, 174; *Ellis* v. *Whittier*, 37 Me. 548, 550; *Brigham* v. *Dole*, 2 Allen (Mass.) 49, 51; *Fessenden* v. *Nickerson*, 125 Mass. 316, 317; *Begbie* v. *Begbie*, 128 Cal. 154, 60 Pac. 667. The legislature unquestionably has the power to enact laws relating to procedure and affecting pending cases. *Atwood* v. *Buckingham*, 78 Conn. 423, 427, 62 Atl. 616. The taxation of costs relates to procedure only. *Taylor* v. *Keeler* and *Fessenden* v. *Nickerson, supra*. The provisions of § 1 of the General Statutes, concerning the construction of statutes, was not intended to limit the power of the legislature in the enactment of laws, nor to affect the construction of the laws when enacted, where the legislative intent is clear. If they were so intended, being only legislative enactments, they must yield to the later expression of the legislative will. *Atwood* v. *Buckingham*, 78 Conn. 423, 426, 62 Atl. 616. The defendant's contention, that these provisions of the General Statutes prevent the application of the Act of 1907 to the present case, is therefore without foundation. The costs were properly taxed in accordance with § 769 as amended.

There is no error.

In this opinion the other judges concurred.