## CARSON v. GORE-MEENAN CO.

(District Court, D. Connecticut. February 9, 1916.)

No. 755.

1. DEATH ⬤⟹25—ACTIONS FOR DEATH—DEFENSES—SETTLEMENT OR RELEASE.

Gen. St. Conn. 1902, § 1094, provides that the executor or administrator of any person whose death shall have been caused by negligence may recover of the party in fault just damages, not exceeding $5,000. Section 399, prior to its amendment in 1915, provided that damages recovered under section 1904 should be distributed, after deducting costs and expenses, one-half to the husband or widow and one-half to the lineal descendants, per stirpes, and that, if there were no such descendants, the whole should go to the husband or widow, or, if there was no husband or widow, to the heirs, according to the law regulating the distribution of intestate personal estate. *Held,* that a settlement with the widow of a decedent before her appointment as administratrix and a release by her was not a defense to an action thereafter brought by her as administratrix, since the beneficiaries of the action have no vested right prior to judgment, and the amount recovered is to be distributed to those who are beneficiaries on the day the judgment is rendered; the statute not contemplating a distribution to the personal representatives of deceased beneficiaries.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 27; Dec. Dig. ⬤⟹25.]

2. CONSTITUTIONAL LAW ⬤⟹105—RIGHT TO DAMAGES AS PROPERTY.

There can be no vested right in a claim for damages for a tort not connected with or growing out of a contractual relation until judgment is rendered, and until that time the claim is a mere expectancy or an inchoate right, not assignable, and not liable to attachment, and not a debt.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 228–235; Dec. Dig. ⬤⟹105.]

3. DESCENT AND DISTRIBUTION ⬤⟹76—EXECUTORS AND ADMINISTRATORS ⬤⟹49—RIGHT TO DAMAGES AS PROPERTY.

A claim for damages for a tort does not pass to an administrator as assets, save by virtue of a statute, nor descend to a person's heirs until judgment is rendered.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 252–262; Dec. Dig. ⬤⟹76; Executors and Administrators, Cent. Dig. §§ 301, 303–305; Dec. Dig. ⬤⟹49.]

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. DEATH ☞69—ACTIONS FOR CAUSING DEATH—EVIDENCE.

In an action for death under the Connecticut statute, the trial court has nothing to do with the distribution of the recovery, and evidence of the number and condition of the beneficiaries is inadmissible on the question of damages, and can by any possibility be admissible only to show an absolute lack of beneficiaries or heirs.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 86, 87; Dec. Dig. ☞69.]

5. STATUTES ☞267, 276—CONSTRUCTION—STATUTORY PROVISIONS AS TO CONSTRUCTION.

Gen. St. Conn. 1902, § 1, providing that the passage or repeal of an act shall not affect any pending action, does not limit the power of the Legislature in the enactment of laws, nor affect the construction of laws when enacted when the legislative intent is clear, and must yield to later expressions of the legislative will.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 350–359, 371, 372; Dec. Dig. ☞267, 276.]

At Law. Action by Martha J. Carson, administratrix, against the Gore-Meenan Company. On demurrer to certain defenses in the answer. Demurrer sustained.

Robert J. Woodruff, of New Haven, Conn., for plaintiff.
Seymour C. Loomis, of New Haven, Conn., for defendant.

THOMAS, District Judge. [1] After the decision sustaining the demurrer to the second defense of the defendant's answer, the defendant, with the permission of the court, amended its second and third defenses. These defenses, as amended, aver that prior to the appointment of the plaintiff as administratrix, and before the bringing of the action, the decedent's widow, who is also the administratrix, for a valuable consideration, released and settled and gave a full accord and satisfaction of all claims arising against the defendant by reason of the decedent's death, and for a valuable consideration waived and released all claims which might arise against the defendant because of any negligence of the defendant; that the decedent left no lineal descendants, and left surviving him a widow, who is the sole beneficiary of any sum which may be recovered in this action, and who, as administratrix, is prosecuting this action. A demurrer has been filed challenging the sufficiency of these defenses. Elaborate briefs have been presented and the questions involved have been exhaustively argued. In my opinion the decision sustaining the original demurrer should stand.

The vice of the defendant's argument is that it erroneously assumes that the beneficiaries' right in the judgment which may be recovered in an action upon section 1094 of the General Statutes of Connecticut, Revision 1902, vested before the judgment. This contention is not sound. The beneficiaries cannot be determined until the judgment is rendered, and the court of probate has nothing to do, except to determine who are the beneficiaries on the day the judgment is rendered, under section 399 of the General Statutes of Connecticut, Revision 1902, as it was prior to the amendment of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1915; that is to say, if the widow of a decedent, in an action brought under section 1094, who had survived him, should die before judgment, the share which she would have received, had she lived until judgment, would lapse, and would then be distributed to the other heirs entitled to share in the judgment, and so, if the lineal descendants surviving him should die before the judgment, their share would accordingly lapse and pass to the widow. Section 399 clearly does not contemplate a distribution to personal representatives, and such a construction of the statute is manifestly opposed to both its letter and spirit. The purpose of the Connecticut statute, as has been repeatedly held, is to provide for the survival of the decedent's right of action for the compensation of those dependent upon him, to be determined as of the date of the judgment, and, had it contemplated a distribution to legal representatives, it would have said so in so many words, as do sections 396 and 398 of the General Statutes of Connecticut, Revision of 1902—the general statutes of distribution of the State. "Expressio unius est exclusio alterius." Whether the amendment of 1915 has changed the law in this respect it is not now necessary to decide.

[2, 3] Moreover, there can be no vested right in a claim for damages for a tort, not connected with or growing out of a contractual relation until judgment is rendered. Such a claim does not pass to the administrator as assets, save by virtue of a statute, does not descend to the heirs, and constitutes no basis for the action of any legal principle until judgment is rendered, and up to that time the claim is a mere expectancy, or an inchoate right, not assignable, not liable to attachment, and not a debt. Holcomb v. Winchester, 52 Conn. 447, 52 Am. Rep. 609; Brown & Adams v. United Button Co., 149 Fed. 48, 79 C. C. A. 70, 8 L. R. A. (N. S.) 961, 9 Ann. Cas. 445; In re New York Tunnel Co., 159 Fed. 688, 86 C. C. A. 556 (C. C. A. 2d Cir.); In re Ostrom (D. C.) 185 Fed. 988.

[4] The trial court has absolutely nothing to do with the distribution under the Connecticut statute, and evidence of the number and condition of the beneficiaries is inadmissible as bearing upon the question of damages. McElligott v. Randolph, 61 Conn. 159, 22 Atl. 1094, 29 Am. St. Rep. 181; Goodsell v. Hartford & New Haven R. R. Co., 33 Conn. 51. And the only circumstances under which such evidence could by any possibility be admitted would be the absolute lack of any beneficiaries or heirs, in which event the action would fail.

The precedents cited by counsel for the defendant in support of its contention arise in jurisdictions where the statutes are substantially different from the Connecticut statute, and where the existence of the cause of action is not dependent upon the appointment of an administrator, but grows out of the negligent death; the action being for damages sustained by designated beneficiaries on account of such negligent death, and which comes into existence by reason of the death, and which is not cumulative, nor the survival, continuation, or enlargement of any existing right, but the substitution of a new right and remedy by way of exception. It is possible in such cases a right of action might vest in the designated beneficiaries when the action ac-

crues, although the administrator as a trustee is a necessary party, but the Connecticut statutes clearly exclude any such construction.

As already indicated, the whole tenor of the decisions of the Connecticut Supreme Court of Errors is to make the action given by section 1094 a purely survival one for the compensation of those dependent upon the decedent, free from claims of creditors, such beneficiaries to be determined under section 399 as of the date of the judgment.

This view of the law is borne out by Blagge v. Balch, Brooks v. Codman, and Foote v. Women's Board of Missions, cases arising under the act of Congress relating to the French spoliation claims and reported in 162 U. S. 439, 16 S. Ct. 853, 40 L. Ed. 1032. These were writs of error to the Supreme Judicial Court of the state of Massachusetts and the superior court of the state of Connecticut for the county of New Haven, respectively, and involved the construction of the proviso in the Act of Congress of March 3, 1891, c. 540, 26 Stat. 908, which is as follows:

"That in all cases where the original sufferers were adjudicated bankrupts the awards shall be made on behalf of the next of kin instead of to assignees in bankruptcy, and the awards in the cases of individual claimants shall not be paid until the Court of Claims shall certify to the Secretary of the Treasury that the personal representatives on whose behalf the award is made represent the next of kin, and the courts which granted the administrations, respectively, shall have certified that the legal representatives have given adequate security for the legal disbursement of the awards."

The Supreme Court held, reversing the Supreme Judicial Court of Massachusetts, in Codman v. Brooks, 159 Mass. 477, 34 N. E. 689, and the Supreme Court of Errors of the State of Connecticut, in Leffingwell's Appeal from Probate, 62 Conn. 347, 25 Atl. 453, that the words "next of kin," as used in the proviso meant next of kin *living at the date of the act,* and not at the decease of the original sufferers. In the course of the opinion of the court, which was delivered by Chief Justice Fuller, at page 462 of 162 U. S., at page 858 of 16 Sup. Ct. (40 L. Ed. 1032), it is said:

"And this conclusion is in harmony with * * * section 1981 of the Revised Statutes in reference to recovery of damages by the legal representatives of persons killed by wrongful act in violation of the civil rights act of 1871, the Act of Congress of February 17, 1885, c. 126, 23 Stat. 307, providing for actions in the District of Columbia for the death of persons caused by wrongful acts of others and generally with the statutes of the states giving a right of action for injuries resulting in death."

[5] It is urged that the amendment of 1915 (Laws 1915, c. 44) falls within the contemplation of section 1 of the General Statutes of Connecticut, Revision of 1902, providing that the passage or repeal of an act shall not affect any pending action. This statute does not seem in any way inconsistent with the views expressed, for the reason that that provision was not intended to limit the power of the Legislature in the enactment of laws, nor to affect the construction of laws when enacted when the legislative intent is clear, and these legislative enactments must yield to the later expression of the legislative will. Lew v. Bray, 81 Conn. 213, 217, 70 Atl. 628.

I am also supported in my conclusion by Yelton v. Evansville & Indianapolis R. R. Co., 134 Ind. 414, 33 N. E. 629, 21 L. R. A. 158; Pittsburgh, C., C. & St. L. R. R. Co. v. Hosea, 152 Ind. 412, 53 N. E. 419; Cowen v. Ray, 108 Fed. 320, 47 C. C. A. 352 (C. C. A. Sixth Circuit); Dowell v. Burlington, C. R. & N. R. R. Co., 62 Iowa, 629, 17 N. W. 901; Baltimore & Ohio R. R. Co. v. McCamey, 12 Ohio Cir. Ct. R. 543; and Maney v. Chicago, B. & Q. R. Co., 49 Ill. App. 105. These cases hold that because a right of action for wrongful death did not exist at common law, but is dependent entirely upon statutory authority, therefore, if the statute provides that such action shall be brought by the representative of the decedent for the benefit of certain named beneficiaries, such representative may maintain an action without reference to what the beneficiaries may have done in the matter. The reasoning in the cases last cited is well stated in Yelton v. Evansville & Indianapolis R. R. Co., supra, at page 417 of 134 Ind., at page 630 of 33 N. E. (21 L. R. A. 158) as follows:

"The action is prosecuted under section 284, R. S. 1881. This section authorizes the action to be prosecuted by the administrator of the decedent. The damages recovered inure to the exclusive benefit of the widow and children of the deceased. In this case, there being no children, the damages would inure to the sole benefit of the widow, but she could not prosecute the action. It must be prosecuted by the administrator. This being true, if the widow can compromise the cause of action and release the damages, so as to terminate the suit, it places the administrator in the anomalous position of having the sole right to prosecute the action and yet gives to the widow, or widow and children, if there be children, the right to compromise the action outside of court, and cancel the claim for damages upon which the action is based. While it would give to the administrator the sole right to prosecute the action, yet he would not have the sole right to control the prosecution of the action once commenced. It would seem that the law which authorizes a person to prosecute an action would give to him, by necessary implication, the right to control such prosecution, and not permit one not a party to the action, and having no right to be a party to the action, the right to compromise the action. While actions under this section of the statute are prosecuted for the benefit of, and the damages inure to the exclusive benefit of, the widow and children of the deceased, yet it contemplates the collection of the damages by the administrator, and the turning of the same over to the widow and children on final settlement."

I have endeavored to give the question before us careful consideration, especially as the precise point involved does not seem to have been decided by the Connecticut courts; but, in view of the similarity between the Connecticut statute and those of Iowa and Indiana, I am compelled to abide their ruling, and hence the conclusion reached on the first argument.

Let the demurrer be sustained.