## LELAND B. GRANGER ET AL., SELECTMAN OF TOWN OF WINDSOR
*vs.*
## JOSEPH CEZSEUS ET AL.

Superior Court      Hartford County      File No. 64359

MEMORANDUM FILED AUGUST 13, 1941.

*Hugh M. Alcorn,* of Hartford, for the Plaintiffs.

*Parmelee & Carlson,* of Hartford, for the Defendant, Federal Land Bank of Springfield.

*D. M. Fiorita,* of Hartford, for the Defendant, J. C. King.

*Jacob Bresnerkoff,* of Hartford, for the Defendant, Joseph Cezseus.

CORNELL, J. The motion is filed as the result of a proceeding instituted by the plaintiffs as selectmen of the Town of Windsor under the authority of section 1441 of the General Statutes, Revision of 1930, for the ascertainment of benefits and damages to the several defendants as property owners whose land was affected as the result of a layout of a portion of Matianuck Avenue in the Town of Windsor.

In compliance with the provisions of the statute referred to,

a committee of three persons was named by a judge of this court on August 8, 1940, to make an estimate of benefits and damages and report the same to this court. Thereafter, the committee as constituted by some substitutions in its membership due to resignations in the interim, filed its report on January 4, 1941, to which defendant Cezseus alone of all the defendants filed a remonstrance which the court overruled, and ordered that a jury of six be summoned as required by statute under such circumstances to hear the evidence concerning the damages sustained and benefits arising to the defendant Cezseus' land and to make its report to the court.

Up to this point, the proceedings follow the outline provided by the applicable statutes, viz., sections 1441, 1450, 1451, 1452, 1453 and 1454 of the General Statutes, Revision of 1930. "Costs are the creature of statute (*Lew vs. Bray,* 81 Conn. 213, 217, 70 Atl. 628), and unless the statute clearly provides for them, courts cannot tax them." *Waterbury vs. Macken,* 100 Conn. 407, 413. The only mention of costs in the statutes mentioned occurs in section 1453, *supra,* and this applies only to the contingency that the jury referred to increase or fail to, the damages or benefits assessed.

It appears here that the proceedings never reached that point, but that, on the contrary, the parties embarked on a procedure of their own before the jury was summoned, in that they stipulated that the matter should be referred to a state referee "who shall perform and exercise the powers provided by law for the jury hereinbefore ordered. . . ." It follows that neither party is entitled to costs from the other as a matter of law because the eventuality which alone could justify an award of them under the statute did not materialize.

However, as part of the stipulation of reference the parties determined by agreement that costs should be taxed in the same manner as if the jury had been summoned and made its report under the statute (§1453). The file shows that the committee's report assessed no benefits against the defendant Cezseus but found that his property was damaged to the extent of $969; also that the referee increased such damages to the sum of $1,307 in excess of benefits to the property accruing from the improvement. In consequence, the contingency upon which the defendant would be entitled to costs under the statute (§1453) has occurred and by force of the

agreement contained in the stipulation defendant is entitled to recover them or, at least, be relieved from any obligation to pay them. It ensues that plaintiff must bear the expense connected with the filing of the application and any expenditures made or which it has become obligated to make incident thereto and in connection with the proceedings thereafter ensuing; likewise all other costs, inclusive of fees to the committee, stenographer's services, any fee to be paid the state referee and the like, but excluding witness fees (Gen. Stat. [1930] §1454), counsel fees incurred by defendant, as well as such costs of court as would be allowable to a prevailing party in an action at law or in equity. *Waterbury vs. Macken, supra,* 413.