## DANA L. HUNGERFORD'S APPEAL FROM PROBATE.

To make a former judgment a conclusive bar to a subsequent action, it must have been upon pleadings in which the matter claimed to have been adjudicated was distinctly averred on one side and traversed on the other, and determined by the court or jury in direct terms and not by way of inference.

Where upon a general count a general judgment is rendered, the judgment is primâ facie evidence of an adjudication of every demand which might have been drawn into controversy under it; but it may be shown that any particular demand was not presented or considered.

APPEAL from the doings of commissioners upon the estate of Rodolphus D. Hicks, deceased, in disallowing a claim of

the appellant; taken to the Superior Court in Litchfield County, and tried to the court, before *Sanford, J.*

The claim as presented to the commissioners by the appellant was as follows :—

"Estate of R. D. Hicks to Dana L. Hungerford,      Dr.

"Feb. 1st, 1870, To my services in your business, endeavoring to sell the Clark House in Winsted, from the first day of December, 1869, to the first day of February, 1870, and cash expenses in said business,     -     -     $1,000."

The appellant offered evidence, and proved, that between the 3d day of December, 1869, and the 9th of February, 1870, he devoted several days of his time in the service of Hicks, during his life-time, in endeavoring to sell a hotel owned by Hicks in the town of Winsted, called the Clark House, which services were worth ten dollars per day, and that during the time he expended in necessary expenses in the business the sum of seventy-five dollars.

He further offered evidence, and proved, that on the 3d day of December, 1869, he entered into the following written contract with Hicks :—

"Winsted, Conn., Dec. 3d, 1869.   Whereas D. L. Hungerford has proposed to find some person or persons who will purchase my hotel, called the Clark House, in Winsted: Now I do hereby agree that if he shall find or send any person or persons who will purchase said property at any terms to which I may assent, and I shall thereupon make the sale to such person or persons, I will pay him, the said D. L. Hungerford, as a compensation for his services in the matter, the sum of $1,000, when said sale is effected.

R. D. HICKS."

In connection therewith he offered evidence to prove that Hicks in the latter part of December, 1869, or in the first part of January, 1870, sold the Clark House to one Dennis W. Stevens, and after the sale concealed the fact from the appellant, and said to the latter "You are doing well, go on and make a noise about the property; it must be sold before the first of April." And that, from this time, which

was the 13th of January, 1870, the appellant continued his efforts to find a purchaser for the property, until the 7th day of February, 1870, during which time he expended considerable sums of money in the matter.

The appellee claimed that the appellant was barred of a recovery for his services and expenses by reason of a judgment heretofore rendered by the Superior Court between the parties, (which case came to the Supreme Court and is reported in 39 Conn. Reports, 259,) but the appellant claimed that he ought not to be barred by that judgment, as it was rendered solely upon the question whether he was entitled to recover the sum of one thousand dollars by virtue of the written contract, and the appellant claimed that the court, in proceeding to and rendering the judgment, did so entirely upon the written contract, and that he did not offer any evidence or make any claim to recover for the services and expenses now claimed by him and that the court did not pass upon his present claim, and in proof of this he offered in evidence the record and files in that case. The record showed that the declaration in that action contained a special count upon the written contract above stated, and a general count for work and labor, and for money expended, and that the judgment was a general judgment for the defendant.

The court was of opinion and decided that the appellant was barred from recovering upon his present claim for services and expenses by reason of the judgment, and thereupon rendered judgment for the appellee. The appellant filed a motion for a new trial for error in this ruling of the court.

*F. L. Hungerford*, with whom were *Graves* and *Morrill*, in support of the motion.

The cause of action in the present case is not the same as in the former case, and the judgment is no bar to a recovery in this suit if the claims now made were not submitted to and passed upon by the court in the former action and no evidence was offered to support them. 1 Greenl. Ev., § 532. To constitute an estoppel by a former judgment the precise point which is to create the estoppel must have been put in issue

and decided. *Smith* v. *Sherwood*, 4 Conn., 276, 282; *Abbe* v. *Goodwin*, 7 id., 377, 383; *Fairman* v. *Bacon*, 8 id., 418, 425; *Kennedy* v. *Scovil*, 14 id., 68; *Eastman* v. *Cooper*, 15 Pick., 279; *Badger* v. *Titcomb*, id., 409, 416; *Harding* v. *Hale*, 2 Gray, 399; *Sawyer* v. *Woodbury*, 7 id., 499, 500. " An action for money had and received from collections made by the defendant of claims belonging to the plaintiff, is not barred by a judgment for the defendant in a former action *on a special contract* to recover the same amount, if the only point submitted to the jury in that action was the special contract." *Gage* v. *Holmes*, 12 Gray, 428; *Burlen* v. *Shannon*, 99 Mass., 200, 202; *Burwell* v. *Knight*, 51 Barb., 267. And this is so although it appears that the present cause of action existed when the first suit was brought and there were counts in the original declaration which would have supported it. 2 Smith's Leading Cases, 799, 800; *Dickinson* v. *Hayes*, 31 Conn., 423; *Webster* v. *Lee*, 5 Mass., 334; *Bridge* v. *Gray*, 14 Pick., 55, 59; *Badger* v. *Titcomb*, 15 Pick., 409, 416; *Goodrich* v. *Yale*, 8 Allen, 454; *Burwell* v. *Knight*, 51 Barb., 267; *Seddon* v. *Tutop*, 6 T. R., 607. It is apparent from the record of the original case that the claims now made were not made at all in that case, that no evidence was offered to support them, and that they were not passed upon by the court. It is true that the plaintiff offered evidence of services rendered, but such evidence was offered solely for the purpose of supporting the special count and showing that the plaintiff procured a purchaser, and not for the purpose of laying a basis for recovery on the common counts, and the court seems so to have understood it.

*Hitchcock*, contra.

The claim sought to be enforced in this proceeding is *res adjudicata*. The case of *Hungerford* v. *Hicks*, 39 Conn., 259, was tried in the Superior Court. It was an action of assumpsit, embracing a special count founded on a special contract, and counts for work and labor, and for money laid out and expended for the defendant at his special instance and request. To this action Hicks pleaded the general issue.

So the parties were at issue on the question, whether or not Hungerford had any honest claim against Hicks for labor done and performed, or for money laid out and expended for him at his request. And that is the very issue involved in this proceeding between the same parties. The parties were not only at issue on this question, but Hungerford undertook to prove under it the very claim he is seeking to enforce in this proceeding. He offered evidence to prove that on the 13th of January, 1870, a long time after the "oral contract" of sale to D. W. Stevens, Hicks told him to "keep on and make a noise about the property," and that "supposing the property still for sale, he continued his efforts to procure a purchaser, though he offered no evidence that he incurred expense in so doing." Report of case in 39 Conn., 260. And it is for "continuing his efforts to procure a purchaser" that he seeks to recover in this case. The presumption is that the court in that case was not satisfied with the evidence then offered on this point, and therefore did not render judgment for Hungerford to recover for the efforts made to sell, after the sale to Stevens. But can it be said that the parties were not at issue on this very claim, and that Hungerford did not go into proof of it? Did Hungerford think the parties in the action of assumpsit were not at issue in the Superior Court on this very claim, when he made it one of the chief grounds on which he claimed a new trial before the Supreme Court that the Superior Court did not render judgment in his favor on the common counts "for such services as the plaintiff performed" after the sale to Stevens, and after Hicks told Hungerford to go on with his efforts?

We say, therefore, that in the declaration in the action of assumpsit, between these same parties, Hungerford had appropriate counts for this claim; that he there declared that Hicks was indebted to him for work and labor, and for money laid out and expended; that Hicks by his plea denied this; that the parties were thus legally and fairly at issue as to whether Hungerford had any such claim against Hicks; that Hungerford introduced proof to satisfy the court of the truth of this claim; that the court rendered judgment, generally,

against Hungerford; and that Hungerford moved for a new trial, on the ground that the Superior Court did not render judgment in his favor on this identical claim, under the common counts in his declaration. Is not, therefore, this claim res adjudicata? "Parties will not be permitted to litigate what they once have had an opportunity of litigating in the course of a judicial proceeding; but whatever might have been put in issue in that proceeding shall be concluded to have been put in issue and determined." *McDowall* v. *McDowall*, 1 Bailey's Eq. Rep., 324.

PARDEE, J. It is a well settled principle of law that whenever a court of competent jurisdiction has judicially tried and determined a right or a fact, the judgment thereon, so long as it remains unreversed, shall be conclusive upon the parties and those in privity with them in law or estate.

This trial and determination must be upon pleadings wherein is an averment of a fact precisely stated on one side and traversed on the other, and found by the court or jury affirmatively or negatively in direct terms, and not by way of inference. Such a result would be obtained where an issue is reached by special pleading; rarely, when the general counts in a declaration are met by a general denial.

In our modern practice it is usual to insert several general counts in a declaration; and when the general issue is pleaded to these many different claims may be tried. When upon pleadings thus framed a general judgment is rendered, and is thereafter pleaded in bar, it is *primâ facie* evidence of a prior adjudication of every demand which might have been drawn into controversy under it; but, like other *primâ facie* evidence, it may be met and controlled by other competent evidence tending to show that any particular demand or claim was not presented or considered. *Sawyer* v. *Woodbury*, 7 Gray, 499.

In *Kennedy* v. *Scovil*, 14 Conn., 68, this court said, that, "in order to constitute a former judgment an estoppel, or in other words, to render it conclusive on any matter, it is necessary that it should appear that the precise point was in issue

and decided ; and this should appear from the record itself." And, in *Dickinson* v. *Hayes*, 31 Conn., 423, the court say :— " Where two or more distinct causes of action are sued for in the same declaration and there is a general verdict and judgment for the plaintiff or a judgment for him on default, the record of such judgment is not conclusive evidence that both or all of those causes of action have been passed upon or adjudicated. Thus, in *Seddon* v. *Tutop*, 6 T. R., 607, the plaintiff sued upon a promissory note and also for goods sold. The defendant suffered judgment by default, and upon executing the writ of inquiry, the plaintiff being unprepared with evidence regarding the goods, took his verdict and judgment for the note only. In a subsequent action for the goods it was held that the judgment in the first suit was no bar to the plaintiff's recovery in the second, and that the plaintiff was at liberty to prove what took place at the first trial for the purpose of showing that his verdict and judgment then, did not include the price of the goods sued for now."

The right of the appellant to recover one thousand dollars from Hicks upon the special contract may have been the issue which was tried and determined in the original suit; the same is true of his right to recover the reasonable value of his services upon the direction of Hicks to " go on and make a noise about the property ;" also, of his right to recover for money laid out and expended for and at the request of Hicks; the record, showing merely a general judgment for Hicks, leaves it wholly uncertain, without other evidence, whether or not the right of the appellant to recover the claim which he has presented to the commissioners was put in issue, tried and determined in that suit.

Upon these principles, the record in question cannot be deemed conclusive for the purpose for which it was offered in evidence. The appellant is entitled to the privilege of showing that the claim which he now presents was not put in issue, tried or determined in the original suit.

There is error in the judgment complained of, and it is reversed.

In this opinon the other judges concurred.