EUGENE PELTIER *vs.* THE BRADLEY, DANN AND CARRINGTON COMPANY.

Third Judicial District, New Haven, October Term, 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A driver of a team who is about to stop on his left hand side of the road, for the purpose of entering a building there situated, has the right to shape his course in that direction; and in so doing he is bound simply to exercise ordinary and reasonable care with reference to such teams as he may encounter.

Sections 2689, 2690 of the General Statutes do not prescribe any rule at variance with these principles. The manner of passing upon the highway, as there laid down, is limited to the meeting of vehicles, each one of which must be for the conveyance of persons. The statute does not oblige the driver of a truck to turn to the right when meeting a vehicle for the conveyance of persons; although he may be negligent, if he does not do so.

Negligence is a question of law when the case turns upon the standard to be applied to measure the care due from the party whose conduct is under

consideration; but seldom, if ever, when it turns upon what his conduct in fact was, and there is no uncertainty as to the rule of law by which it is to be governed.

The Act of 1893 (Chap. 174) in regard to appeals, did not authorize appeals from findings as to matters of fact, upon which no error of law was assignable.

[Argued October 22d—decided November 22d, 1895.]

ACTION to recover damages for personal injuries received by the plaintiff while riding a bicycle, by a collision with a team of the defendant; brought to the Court of Common Pleas in New Haven County, and tried to the court, *Studley, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The complaint contained two counts, each alleging that while the plaintiff was attempting to pass the team, on Court street in the city of New Haven, the driver carelessly drove against and over the bicycle, and broke it, whereby the plaintiff was thrown to the ground and run over by a wheel of the defendant's wagon, and his leg broken. The second count alleged that the driver of the defendant's team willfully, wantonly and violently drove against the bicycle and over the plaintiff.

The case was tried to the court on the general issue, and judgment rendered for the defendant. The plaintiff appealed, on the ground that the court erred in holding the defendant not negligent, and the plaintiff negligent; and also, under the statute of 1893, in finding certain facts from the evidence, and in refusing to find, as respects certain points, as requested by him. Each party requested the court to certify up portions of the evidence which bore upon these points, and they were certified accordingly and made part of the record on appeal.

The finding stated these facts: The defendant's team, a heavy one horse truck, was being driven at a walk on Court street, westerly, while the plaintiff was riding on his bicycle easterly on the same street. The defendant occupied a store on the corner of State and Court streets, and the team was

going to the entrance to an elevator contained in the store, which entrance was 70 feet west of State street, on the south side of the street. The street was paved, and 23 feet wide. The team was a little to the south of the center of the street, and 400 feet from the plaintiff when he first saw it. He was an experienced bicycle rider, going about five times as fast as the team, and keeping to the right. When 70 feet from the elevator door, he ran out towards the center of the street to clear a team hitched on the south side, and then turned to the right again. He reached a point about 4 feet from the south curb of the street, and 15 feet from the head of the team, at a time when the latter was also about 4 feet from the curb, heading in towards the elevator door. There was nothing on the street to prevent the plaintiff from turning to the left and passing the team, and he could have stopped his bicycle in a space of three feet. He, however, kept on to the right. The driver of the team then began to rein his horse to the right for the purpose of giving him more room to pass. He also could have stopped his team in the space of three feet, and afterwards did. Four feet give room enough for an experienced bicycle rider to pass a team. The street was paved with rough granite blocks, sloping slightly towards the gutters, which were 15 inches wide, sloping slightly towards the curb, and paved with flag-stones. The granite blocks and the gutter flag-stones opposite the elevator door were wet and slippery with mud. The plaintiff could see that the team, at the rate at which it was going, would be considerably less than 4 feet from the curb before he could get past it. As he rode in between the horse and the curb, the wheels of the bicycle slipped in the mud towards the gutter, and it fell over, together with the plaintiff, towards the horse. The plaintiff, either by his own exertions, or by reason of falling against the horse, or the shaft of the truck, fell back towards the curb and lay partly on the side of his bicycle, the front wheel of which, when it fell, was nearly in a line with the left fore wheel of the truck. The momentum of the bicycle, as it fell, carried the top of its front wheel under the wheel of the truck, which passed over the front part of the bicycle

and the plaintiff's leg, before it could be stopped. It was brought to a stop in the space of three feet, and the driver then backed off; but the bicycle had been ruined and the plaintiff's leg broken.

It was unnecessary and was dangerous for the plaintiff to attempt to pass between the team and the curb as the team was approaching said curb, by reason of the uneven surface of the pavement near the gutter and the muddy and slippery condition of the pavement; and in so doing the plaintiff was guilty of gross negligence, which resulted in the injury to himself and to his bicycle. The driver, one Scoville, was not guilty of negligence.

Upon these facts the plaintiff claimed that the injuries in question were solely caused by the negligence of the defendant, in that its team was on the wrong side of the street; that even if the plaintiff had been chargeable with negligence contributing to the fall, yet that the gross negligence of the driver occasioned the injuries after the fall; that the fact that the team was on the left side of the road, in violation of the statute, and of the law of the road, made the defendant chargeable with such negligence, *per se*, as would entitle the plaintiff to recover, unless he were grossly negligent; that when the defendant's driver attempted to keep to the left in passing the plaintiff, the law imposed on him the duty of exercising the highest and most unusual care; and that thereby the defendant took upon itself the responsibility for any accidents that might occur to any person who was on the right of the road. These claims were overruled by the court.

*Lucius P. Deming* and *J. Birney Tuttle*, for the appellant (plaintiff).

I. The standard of conduct in the case at bar is a standard fixed by law and even enacted into statutes of this State (§§ 2689–90–91), and also a standard fixed by the general agreement of men's judgments (Law of the Road), and plaintiff claims the court did not apply either of these standards to the case. The plaintiff had a right to be on the street,

for the bicycle is a vehicle, and entitled to all the rights and privileges which the law extends to vehicles. *Taylor* v. *Goodwin*, 4 Q. B., 229 ; 12 Amer. & Eng. Ency. of Law, 958. The plaintiff was riding on the side where he should be, before meeting defendant's team, and followed the law when he attempted to pass. General Statutes, §§ 2689, 2690. The defendant was not where he should have been. He attempted to pass plaintiff contrary to statute. The defendant occupied his position only permissibly, and was charged with entire responsibility for any injury to others, arising from the fact that he was out of place. 12 Amer. & Eng. Ency. of Law, 957 ; Cooley on Torts, 2d Edition, 799 ; *Palmer* v. *Barker*, 11 Me., 338. A special duty concerning the conduct of persons in certain relations may be created by statute, and a failure to observe such statutory duty is sometimes said to be negligence *per se*. Wharton on Negligence, 433 ; Shearman & Redfield on Neg., 13.

II. In answer to the claim that negligence has been found as a fact, on the part of the plaintiff, and no negligence on part of defendant, and therefore this court will not review the case, the plaintiff claims that precisely such conclusions of the trial court were reviewed by this court in *Bailey* v. *H. & C. V. R. R.*, 56 Conn., 444; *Beardsley* v. *Hartford*, 50 id., 529 ; *Nolan* v. *Railroad*, 53 id., 461, *Dyson* v. *Railroad*, 57 id., 9 ; *Gallagher* v. *Railroad*, ibid., 442.

*William H. Ely*, for the appellee (defendant).

I. The court has found that the plaintiff was guilty of contributory negligence, and that Scoville, the defendant's agent, was not guilty of negligence, and the question of negligence is a question of fact. *Park* v. *O'Brien*, 23 Conn., 339; *Dexter* v. *McCready*, 54 id., 171 ; *Fiske* v. *Forsyth Dyeing Co.*, 57 id., 118. In order to recover, the plaintiff must show that he was not guilty of negligence and that the defendant was. Having failed to do this, judgment was rightly rendered for the defendant. *Park* v. *O'Brien*, 23 Conn., 339; *Bennett* v. *R. R. Co.*, 57 id., 422. There was no error in finding the plaintiff guilty of contributory negligence, and

the defendant's driver not guilty of negligence, so far as the law is concerned; and so far as the facts are concerned, the court will not review them. *Styles* v. *Tyler*, 64 Conn., 432; *Curtis* v. *Bradley*, 65 id., 99.

II. It is impossible to make out any question of law raised by the plaintiff, that is not clearly and positively answered by the finding and the cases already cited. There is no law which holds that it is negligence *per se* for a driver to have his team on the left hand side of the center of the traveled path, and the plaintiff is not relieved from ordinary care of himself on that account. *Brooks* v. *Hart*, 14 N. H., 317; *Daniels* v. *Clegg*, 28 Mich., 32; *Wrinn* v. *Jones*, 111 Mass., 360. No error appears in the record, and the judgment of the lower court should be sustained.

BALDWIN, J. The plaintiff's main contention is that whoever drives a team upon what to him is the left hand side of the road, thereby assumes the responsibility of exercising an unusual and the highest degree of care to avoid a collision with any other vehicle which he may have occasion to pass, and which is being kept on what to it is the right hand side of the road.

Such is not the law. It is necessary and proper for any driver, who is about to stop for the purpose of going upon land or into buildings situated on what to him is the left hand side of the road, to shape his course in that direction; and he is bound simply to exercise ordinary and reasonable care with reference to such teams as he may encounter. Whether such care was exercised by the defendant's driver, under the circumstances of the case, was a pure question of fact, on which the finding of the court below is conclusive. *Wrinn* v. *Jones*, 111 Mass., 360; *Fiske* v. *Forsyth Dyeing Co.*, 57 Conn., 118.

It is equally conclusive in charging the plaintiff with contributory negligence. He too was bound to exercise the same degree of care which the law required of Scoville, the defendant's driver. It was not his absolute right to pass between the defendant's team and the southern curb of the

street, or to assume that Scoville must and would turn out for him. The defendant's right to use its elevator and to place its truck as close to it as it could, was as perfect as that of the plaintiff to ride through the street. Each party was equally bound to use his rights so as not to injure the other.

We have no statutory rule at variance with these principles. General Statutes, §§ 2689, 2690, provide that when the drivers of any vehicles for the conveyance of persons shall meet each other in the public highway, each shall turn to the right and slacken his pace so as to give half the traveled path, if practicable, and a fair and equal opportunity to pass, to the other; and that the driver of any such vehicle who shall, by neglecting to conform to these requirments, drive against another vehicle, shall be liable in treble damages for any injury thereby done, and if the injury were done designedly, forfeit not exceeding $100 to the State; such damages, if the driver is unable to pay them, to be recoverable of the owner of the vehicle by writ of *scire facias*. The action before us was not brought upon the statute, and could not have been, since that gives a remedy only against the driver, or (in case of his inability to respond) the owner, of a vehicle for the conveyance of persons. The rule which it lays down is limited to vehicles of the same description. The driver of a truck for the conveyance of goods, when he meets on the road a vehicle for the conveyance of persons, is not under any statutory obligation to turn to the right. It may be reasonable, and, if so, necessary, that he should do so, but this depends solely on what should be the conduct, under the circumstances of the occasion, of a driver of ordinary skill and prudence.

The plaintiff filed written exceptions to certain of the findings of fact made by the court below, and to its refusal to make certain findings of fact which he had requested, and the evidence claimed by each party to be material to such questions of fact has been certified up, and made part of the record, under Chap. 174 of the Public Acts of 1893. This Act was repealed in 1895, but by General Statutes, § 1, such

repeal did not affect actions then pending, of which the present suit was one.

By the reasons of appeal founded upon these exceptions, the plaintiff asks this court to compare the evidence as to several of the circumstances preceding or attending the collision between the bicycle and the truck, with the findings of the trial court as to what those circumstances were. There was evidence in respect to some of these circumstances tending to support the plaintiff's view of them. There was evidence in regard to all of them tending to support the views taken by the trial court.

Negligence becomes a question of law, when the case turns upon the standard to be applied to measure the care due from the party whose conduct is the subject of consideration, but seldom, if ever, when it turns on what his conduct in fact was and there is no uncertainty as to the rule by which it was to be governed. *Farrell* v. *Waterbury Horse R. R. Co.*, 60 Conn., 239, 246. The case at bar is one of the latter description, and the plaintiff's exceptions to the finding constituted no ground of appeal under the Act of 1893. *Styles* v. *Tyler*, 64 Conn., 432; *Meriden Savings Bank* v. *Wellington*, ibid, 553. Whatever points of law he was entitled to raise were fairly presented by the state of facts found by the trial court.

There is no error in the judgment appealed from.

In this judgment the other judges concurred.