## THE STATE *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, June Term, 1898. ANDREWS, C. J., TORRANCE, HAMERSLEY, HALL and PRENTICE, Js.

The charter of the city of New Haven (9 Special Laws, p. 290, § 35) gave its common council supervision over all bridges crossing railroads in said city, with authority to order the building and repairing of such bridges in such manner and within such time as in its judgment public convenience might require; and provided that if any railroad should neglect to obey such order the city might do the work and recover the expense thereof from the delinquent railroad company. *Held* that this remedy was not exclusive, and that mandamus by the State was an appropriate means of enforcing an order of the common council directing the defendant to build a bridge, where such order had been appealed from by the latter and affirmed by a judge of the Superior Court.

A year or more after the rendition of that judgment, Chap. 70 of the Public Acts of 1897 (p. 780), entitled an "Act concerning the Construction of Bridges over Railroads," was passed. This Act provided that no structure should thereafter be built or rebuilt over or across any railroad, until the railroad commissioners should have determined the length, width, material and plan of the structure, its height above the roadbed, and the necessity for its construc-

tion. *Held,* that inasmuch as the language of the Act did not expressly nor by necessary implication make it applicable to pending cases—much less to cases already adjudicated—the Act could not be construed to affect such cases.

Whether the legislature has the power, under the Constitution of this State, to open or vacate final judgments and provide another tribunal to retry matters once determined by the judicial department, *quære.*

Argued June 8th—decided July 26th, 1898.

APPLICATION for a writ of mandamus requiring the respondent to construct an iron bridge over its railway tracks at Olive street in New Haven, brought to the Superior Court in New Haven County and tried to the court, *George W. Wheeler, J.,* upon the respondent's motion to quash the application and alternative writ; the court overruled the motion to quash and thereafter issued a peremptory writ of mandamus (*Elmer, J.*), and the respondent appealed for alleged errors in the rulings of the court. *No error.*

The alternative writ issued by the trial court was as follows: " To the New York, New Haven and Hartford Railroad Company, a corporation organized by the legislature of the State of Connecticut, located and having its principal place of business at New Haven, in the County of New Haven, State of Connecticut, Greeting. 1. Whereas, the city of New Haven is and for many years has been a municipal corporation created by the laws of the State of Connecticut and located within the town and county of New Haven, and on the 26th day of October, 1894, the court of common council of said city passed the following order directed to the New York, New Haven and Hartford Railroad Company, a corporation created by the legislature of the State of Connecticut and located and having its principal place of business in the city and county of New Haven, through which said city said railroad company by its charter has a right of way, and through which its tracks are laid, to wit: ' Ordered, that the New York, New Haven and Hartford Railroad Company erect an iron bridge over the tracks of said railroad company where said tracks cross Olive street, in the city of New Haven, said bridge to replace the wooden structure now there, and to be

the full width of said street, with proper sidewalks on each side, and adequate to public interest and convenience, to the satisfaction of the board of public works of said city, within six months after the passage of this order.' 2. (And whereas, on June 26th, 1895, the said New York, New Haven and Hartford Railroad Company, claiming to be aggrieved by said order of the court of common council, appealed to the *Hon. Simeon E. Baldwin,* a judge of the Superior Court for the State of Connecticut, praying for a review of said order, and that the same might be annulled and made of no effect.) 3. And whereas, in consequence of said petition, the city of New Haven was cited to appear before him, and said city duly appeared by counsel; and on the 22d day of July, 1895, by an agreement of the parties in interest the *Hon. Simeon E. Baldwin* passed an order appointing the Hon. Lewis Sperry, of the town of East Windsor, county of Hartford and State of Connecticut, a committee to hear the parties and to report to him as judge of the Superior Court a review of the order directed to said New York, New Haven and Hartford Railroad Company, and as to his doings under his said appointment. 4. And whereas the Hon. Lewis Sperry, acting under and by virtue of his said appointment as aforesaid, met the parties in interest, to wit, The New York, New Haven and Hartford Railroad Company and the City of New Haven, and gave a hearing upon said petition and order, at which said hearing witnesses were sworn on both sides, and the matters contained in said petition and order were fully heard. 5. And whereas, afterwards, on December 2d, 1895, said Hon. Lewis Sperry submitted his report to said *Hon. Simeon E. Baldwin,* and found as his conclusions: 'That public convenience and necessity required that an iron bridge should be built at Olive street crossing, in the place of the wooden bridge then existing, and that the New York, New Haven and Hartford Railroad Company was not aggrieved by said order of the court of common council, and that said order was not unreasonable, unjust, or oppressive to the petitioners.' 6. And whereas, on the 9th day of December, 1895, the *Hon. Simeon E. Baldwin* accepted and confirmed the report of said

State *v.* N. Y., N. H. & H. R. Co.

Lewis Sperry, and further ordered and adjudged that said order of the court of common council of the city of New Haven above referred to, passed on the 26th day of May, 1894, be confirmed and made the order of the *Hon. Simeon E. Baldwin,* Judge of the Superior Court, in all respects, except as to the time therein prescribed for the erection of said bridge in said order; and in lieu of said time so prescribed the *Hon. Simeon E. Baldwin* ordered and adjudged that said bridge be erected and completed to the satisfaction of the board of public works of said city on or before the 1st day of July, 1897, without prejudice, nevertheless, to the right of the court of common council of said city prior to said day to order any repairs or changes in the now existing wooden bridge mentioned in the order appealed from, which it might deem necessary. 7. And whereas, although said railroad company had due notice of the order of the *Hon. Simeon E. Baldwin,* said railroad company failed, neglected, and refused to construct said bridge within the time prescribed in said order, and although said time has expired and a demand has been made upon said railroad company to comply with the terms of said order, still said railroad company fails, neglects, and refuses to construct said bridge. Therefore, that due and speedy justice may be done in this behalf, it is hereby required and enjoined of you, the said New York, New Haven and Hartford Railroad Company, that on or before the 10th day of March, A. D. 1898, you commence the construction of said bridge as required by the order of the *Hon. Simeon E. Baldwin,* and complete the structure of said bridge in conformity with said order, within four months from said 10th day of March, A. D. 1898, or signify cause to the contrary thereof to this court, to be holden at New Haven, in and for said county, on the 11th day of March, 1898."

On the return day the defendant appeared and filed a motion that said writ be quashed, for the following reasons: "1. The charter of the city of New Haven, purporting to authorize the passage of the order to build said bridge, provides a full and adequate remedy for the failure to obey said order, modified as aforesaid, and such remedy is exclusive of

State v. N. Y., N. H. & H. R. Co.

all others. 2. It does not appear by said application or by said writ, that the railroad commissioners have ever determined the length, width, material and plan of any bridge over said railroad at said Olive street, or its height above the roadbed of such railroad, or the necessity for the construction of such bridge, as required by law. 3. It does not appear that the city of New Haven has any vested rights by reason of the said order of *Judge Baldwin*, which cannot be impaired by legislative enactment. 4. The several matters passed upon in said order of *Judge Baldwin* are non-judicial in their nature, and said order is therefore, in whole or in part, void, and the same cannot be enforced by mandamus. 5. Neither the court of common council nor a judge of the Superior Court has passed upon or prescribed the plans for the building of said bridge, or the height of said bridge above the railroad tracks. 6. Neither the court of common council nor a judge of the Superior Court has the power to delegate to the board of public works of the city of New Haven authority to pass upon or prescribe the plans for the building of said bridge, or the height of said bridge above the railroad tracks. Wherefore the respondent prays that said application and said writ may be quashed."

The court overruled the motion to quash and issued a peremptory writ. The defendant appealed to this court.

*George D. Watrous*, for the appellant (respondent).

*William H. Ely*, for the appellee (petitioner).

ANDREWS, C. J. The motion to quash the alternative writ is analogous to a demurrer in an ordinary action. The reasons stated for the motion may be treated as the reasons for a demurrer.

The charter of New Haven does provide that the city may carry out this order, and then recoup the expense from the railroad; that is one remedy open to the city, but it is not its only remedy. It might, in the name of the State upon its relation, compel obedience to the order by mandamus, because

that order is a judgment.   That would be the most effective
way to secure obedience to this judgment; and it could not
be denied this remedy because it could have done the work
itself and sued for the expense incurred.

But there is not involved in this record any question of the
remedies open to the city of New Haven.   The city is not a
party to this action.   The State of Connecticut is the relator,
seeking to secure obedience to a judgment rendered by a
member of one of her co-ordinate branches of government.
*State's Attorney v. Branford*, 59 Conn. 402, 408.   This is her
natural and only remedy.   Indirectly the State might, per-
haps, by contempt proceedings, have accomplished the same
end; but mandamus by the State is the remedy to secure
obedience to a judgment concerning a public matter.   The
first ground of the motion to quash is untenable.

The affirmance of the order of the court of common council
by *Judge Baldwin*, was an adjudication by him upon appeal
of the matters therein contained.   Over parties and a matter
within his jurisdiction, his adjudication has the same force
and stands upon the same footing as a judgment of the
Superior Court.   This order adjudged that the order appealed
from was valid and must be obeyed.

This judgment may fairly be construed to have determined
everything which the Act of 1897 commits to the railroad
company, except that the Act of 1897 provides for the deter-
mination by the commissioners of a plan; and the order, upon
a fair construction, provides that a bridge of a certain mate-
rial, height, length and width shall be built, and to the satis-
faction of the board of public works.   So the question raised
by this second ground is whether this statute is to be con-
strued to apply to a case passed into judgment before its
enactment; in other words, whether it is within the power of
the legislature to practically vacate a final judgment by pro-
viding that the same matters therein adjudicated shall be
again determined by another tribunal.

The language of the Act does not expressly make it appli-
cable to cases pending in court, much less to cases already
adjudicated; and in the absence of express words or neces-
sary implication it cannot be so construed.

There is a more potent reason for construing this statute as inapplicable to a case already gone into judgment. The construction claimed would vacate the judgment already had, and compel another adjudication of the same matter. (An Act of the legislature which opens or vacates a judgment is, generally speaking, void for two reasons: first, because it would impair the vested rights of him in whose favor the judgment ran; and second, because it would invade the judicial prerogative.) The first reason may not be of great weight in the particular case before us, since the successful litigant, the city of New Haven, may be said, as an agent of the State, to have no vested rights in an adjudication of this character which cannot be impaired at will by the power which created it. But the second reason is potential. (The separation of the powers of government into three departments, each of which within its own sphere is supreme, is a constitutional principle which cannot be overturned. The judgment is the final and supreme act of judicial power. The legislature cannot overturn judgments, any more than the judiciary can make laws. A judgment is based upon established rules and principles administered by the judiciary.

If the legislature can provide another tribunal to decide matters once decided by the judiciary, it could strip the judiciary of its functions, it could unsettle matters once determined, could substitute its will in place of settled principles of law, the growth of centuries, and it would in so doing destroy our system of government. The judgment of *Judge Baldwin* finally adjudicated the matters therein, and the legislature has not attempted to open or vacate that judgment, or retry through another tribunal the matters which *Judge Baldwin* tried and determined. Possibly it has no power to do so. *Norwalk Street Ry. Co.'s Appeal*, 69 Conn. 576; *Denny* v. *Mattoon*, 2 Allen, 361; *Mayor, etc.*, v. *Horn*, 26 Md. 194, 206; Black on Judgments, § 298, and cases cited; 6 Amer. & Eng. Ency. of Law, (2d ed.) 1038, and cases cited; *Hungerford's Appeal from Probate*, 41 Conn. 322, 327. The

Act of 1897 cannot be construed so as to affect the present case.

The second and third reasons show no tenable ground for disturbing the judgment.

(The order of *Judge Baldwin* really passed upon only one matter. It decided that common convenience and necessity required an iron bridge to be built as ordered by the common council of New Haven, and that therefore the said order was not unreasonable or unjust, and that the defendant was not aggrieved. The determination of what constitutes common convenience and necessity is a judicial question. ) *Application of Shelton St. Ry. Co.*, 69 Conn. 627, and cases there cited.

Neither the fifth nor the sixth reason presents any question necessary to be considered.

There is no error.

In this opinion the other judges concurred.