OTTO NEILSON *vs.* DANIEL C. PERKINS.

First Judicial District, Hartford, October Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

General Statutes, § 1, which provides that the passage or repeal of an
  Act shall not affect any action then pending, simply lays down a
  rule of construction for use when the legislative intent is uncertain
  and ambiguous.   Accordingly, if it is clear in a given case that the
  legislature intended an Act to apply to pending cases, it will be so
  construed, notwithstanding the foregoing provision.
In 1905 an Act relating to the City Court of Hartford (14 Special Laws,
  p. 602) authorized an appeal from a final judgment of that court
  to the Superior Court, in cases in which the matter in demand
  exceeded $500, thus affording the defeated party an opportunity
  for two trials upon the facts.   In 1911 this provision for an appeal
  was unconditionally repealed (16 Special Laws, p. 500) by an Act
  which took effect on its passage, August 29th, 1911.   *Held* that the
  repealing Act was intended to apply to cases pending at the date
  of its passage, and therefore the Superior Court had no jurisdic-
  tion of an appeal from a judgment of the City Court rendered in
  November, 1911, in a cause pending therein when the repeal took
  effect.   (*One judge dissenting.*)
Parties have no vested right to an appeal.

Argued October 2d, 1912—decided January 15th, 1913.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's servant, brought to the City Court of Hartford and tried to the jury before *Bullard, J.;* from a verdict and judgment for the defendant the plaintiff

appealed to the Superior Court in Hartford County where the defendant moved to erase the cause from the docket, upon the ground that the statute allowing such an appeal had been repealed before the appeal in this case had been taken; the court, *Reed, J.,* denied the motion, and from an adverse verdict and judgment subsequently rendered the defendant appealed. *Error.*

*A. Storrs Campbell,* for the appellant (defendant).

*Andrew J. Broughel* and *Birdsey E. Case,* for the appellee (plaintiff).

THAYER, J. The only question in this case is whether the Superior Court erred in refusing to erase the case from ·the docket. It is an appeal from the City Court of Hartford. The question is whether at the time the City Court allowed the appeal the Superior Court had jurisdiction of the case.

Section 10 of an Act concerning the City Court of Hartford, approved April 17th, 1905 (14 Special Laws, p. 602), provided that any party aggrieved by a final judgment or decree of that court in any cause in which the matter in demand exceeded $500, might appeal therefrom to the Superior Court. This provision was in force when the present action was commenced. During the pendency of the action, and before the judgment appealed from had been rendered by the City Court, said § 10 was repealed by an Act approved August 29th, 1911, which took effect from its passage. 16 Special Laws, p. 500. The judgment·was rendered in the City Court and the appeal therefrom was taken in the month of November following. While the repealed provision had life, the Superior Court and the City Court of Hartford had original concurrent jurisdiction of a large number of cases, namely, those wherein the matter in

demand exceeded $1,000 and the parties, or one of them, resided in the city of Hartford. The Superior Court also, by virtue of the Act in question, had appellate jurisdiction of the same cases. It also had appellate jurisdiction of similar cases wherein the matter in demand lay between $500 and $1,000, in which cases the Court of Common Pleas also had original jurisdiction concurrent with the City Court. A party was thus able to bring his action in these cases in the City Court and have a jury trial and, if unsuccessful there, appeal to the Superior Court and have another jury trial there, as was done in this case. An appeal in all these cases for errors in law is allowed to this court from the judgments of the City Court of Hartford, the same as from the Superior Court and the Court of Common Pleas. There was, therefore, no necessity for a second trial to either court or jury of the questions of fact in these cases. The manifest intent of the repealing statute was to take from the Superior Court this appellate jurisdiction, and that was its effect. The Superior Court held that as this case was pending in the City Court at the time of the repeal, it was saved from its effect by § 1 of the General Statutes, which provides that "the passage or repeal of an act shall not affect any action then pending." This provision is merely declaratory of a rule of construction. *Rowen* v. *New York, N. H. & H. R. Co.*, 59 Conn. 364, 367, 21 Atl. 1073. We have held in several cases that where it is clear that the legislature intended that a creating or repealing Act relating to procedure should affect pending cases, the Act was to be so construed notwithstanding the provision in § 1 of the General Statutes referred to; that being a mere legislative enactment, the provision must yield to the later expression of the legislative will. *Hubbard* v. *New York, N. H. & H. R. Co.*, 70 Conn. 563, 565, 40 Atl. 533; *Atwood* v. *Buckingham*, 78

Conn. 423, 426, 62 Atl. 616; *Lew* v. *Bray*, 81 Conn. 213, 217, 70 Atl. 628.

Section 1 of the General Statutes does not preserve, or attempt to preserve, to parties, as against a repealing statute, rights which they possessed under the statute repealed. It is one of the sections of chapter one of the title "Construction of Statutes," which is the first title of the General Statutes. It simply lays down a rule of construction to be adopted when the repealing statute does not make clear the legislative intent that it shall affect pending cases. This is the effect of the construction which we have already put upon it. There can be no doubt that in the absence of this section the repealing statute in the present case would be held to affect pending cases. Parties have no vested right to an appeal. The rule is that if, even after an appeal has been taken, the statute giving the appellate court jurisdiction of it is repealed, and there is no saving clause, the case falls with the statute. *Merchants' Ins. Co.* v. *Ritchie*, 72 U. S. (5 Wall.) 541, 544. There is no saving clause in the statute under review. It is an express repeal of the statute allowing an appeal. It in express terms says that it shall take effect from its passage. At the time of this repeal no appeal had been taken in the case before us. We think that it is not a case for the application of the rule of construction provided in § 1 of the General Statutes, and that the cause should have been erased from the docket of the Superior Court.

There is error.

In this opinion HALL, C. J., PRENTICE and RORABACK, Js., concurred.

WHEELER, J. (dissenting). This case was brought to the City Court of Hartford, and from the judgment

there rendered an appeal was taken to the Superior Court, where a motion to erase the case from the docket was denied. The sole question on the appeal to this court from the judgment of the Superior Court is whether that court erred in refusing to erase the case from the docket.

Section 10 of an Act concerning the City Court of Hartford (14 Special Laws, p. 602) provides that any party aggrieved by a final judgment or decree of that court in any cause in which the matter in demand exceeds $500, may appeal therefrom to the Superior Court. This provision was in force when the present action was commenced. During its pendency and before judgment in the City Court, said § 10 was repealed (16 Special Laws, p. 500), as follows: "Section 1. Section ten of an act concerning the City Court of the city of Hartford, approved April 17, 1905, being section two hundred and three of the compiled charter of the city of Hartford, is hereby repealed. Sec. 2. This act shall take effect from its passage."

Before the passage of this Act a litigant was thus able to bring his action in these cases in the City Court and have a trial and, if unsuccessful, appeal to the Superior Court and there have another trial on the facts, as was done in this case. The double trial upon issues of fact and law was unduly burdensome to litigants and wasteful to the public. The manifest intent of the repealing Act was to take from the Superior Court this appellate jurisdiction. The Superior Court refused to grant the motion to erase, undoubtedly because it was of opinion the repealing statute did not act retrospectively as well as prospectively, and apply to pending cases. "The presumption is that statutes are intended to operate prospectively. They should never be construed as having a retrospective effect unless their terms show clearly and unmistakably a legislative in-

tention they should so operate." *Humphrey* v. *Gerard,* 83 Conn. 346, 352, 77 Atl. 65; *Smith* v. *Lyon,* 44 Conn. 175, 178.

The majority opinion would seem to hold that this general presumption does not hold in respect to statutes relating to procedure and remedy, and that such statutes apply to pending cases and cases to be brought, alike. Some support is found for this contention in *Hine* v. *Belden,* 27 Conn. 384. But the rule adopted in *Perkins* v. *Perkins,* 7 Conn. 558, 563, *Thames Mfg. Co.* v. *Lathrop,* 7 Conn. 550, and *Skinner* v. *Watson,* 35 Conn. 124, was the rule of construction of this jurisdiction before the passage of General Statutes, § 1. In *Skinner* v. *Watson* we considered the effect upon a pending case of an Act changing the basis of costs awarded, and held that the Act did not apply. We there said (p. 126): "It seems therefore to be the settled law of this State, that a statute is not to be so construed as to have a retroactive effect, unless it appears that such was the manifest intention of the legislature. We are not satisfied that the legislature intended that the statute now before us should have such an effect. . . . Had it been intended that the proviso should embrace appeals then pending, such an intention could easily have been expressed, and it is reasonable to presume that the legislature would have clearly expressed it. The fact that there is nothing in the language of the act to indicate such an intention, is strong evidence that it did not exist." We thus made the determinative test the legislative intent: unless the Act by its terms or its necessary implications indicated an intention that the Act should have a retroactive effect, we held it inapplicable to the past.

We think the rule of construction adopted in General Statutes, § 1: "The passage or repeal of an act shall not affect any action then pending," was declaratory of

our existing law. But whatever the law may have been
before the passage of this Act, this enactment is so
precise and unambiguous as to admit of no doubt as to
its meaning. General Statutes, § 1, did not limit the
power of the legislature to provide that an Act should
apply to pending cases. It did limit the power of the
court to construe any Act as according such power
unless the legislative intent to have the Act apply to
pending cases was clear. *Lew* v. *Bray,* 81 Conn. 213,
217, 70 Atl. 628. The last expression of the legislative
will must control the earlier. *Rowen* v. *New York, N.*
*H. & H. R. Co.,* 59 Conn. 364, 367, 21 Atl. 1073, pre-
sented this case: The defendants had, under the law
existing when the action was begun, a right to have the
hearing in damages to the court upon taking a certain
course. A statute passed pending the action, provided
that this hearing should be to the jury unless defendant
gave a certain notice, the time for which, as to this
case, had expired. The question at issue was whether
the Act affected the pending case. The court, by
SEYMOUR, J., said: "Is the statute thus retroactive?
There is no provision in the Act itself that it shall af-
fect pending suits. As a rule of construction section one
of the General Statutes declares that the passage or
repeal of an Act shall not affect any action then pend-
ing. . . . Such an intention, if existing, should not be
left doubtful. In view of the rule of construction ex-
pressly imposed by the statute, the language should
necessarily carry an intention to act upon pending
suits, or pending suits should in terms be made subject
to it." In *State* v. *New York, N. H. & H. R. Co.,* 71
Conn. 43, 48, 40 Atl. 925, mandamus was brought to
require defendant to build a bridge across its tracks;
while the action was pending an Act was passed provid-
ing that no such structure should be built without the
approval of the railroad commissioners, who were to

determine the plan and manner of its building, and the necessity for it. We held: "The language of the Act does not expressly make it applicable to cases pending in court, much less to cases already adjudicated; and in the absence of express words or necessary implication it cannot be so construed." In *Peltier* v. *Bradley, Dann & Carrington Co.,* 67 Conn. 42, 48, 34 Atl. 712, the plaintiff filed exceptions to the finding, and the evidence was made a part of the record under the Act of 1893. We held, BALDWIN, J.: "This Act was repealed in 1895, but by General Statutes, § 1, such repeal did not affect actions then pending, of which the present suit was one." In *Lew* v. *Bray,* 81 Conn. 213, 217, 70 Atl. 628, we held that the legislature had the power to enact laws relating to procedure and affecting pending cases by changing the costs to be recovered, and that it could do so "where the legislative intent is clear." In *Atwood* v. *Buckingham,* 78 Conn. 423, 62 Atl. 616, we held the legislative intent to be clear to apply an Act to the pending case. *Ferguson* v. *Stamford,* 60 Conn. 433, 443, 22 Atl. 782.

In our construction of General Statutes, § 1, we have never varied in our application of this rule of construction, except in the case of *Hubbard* v. *New York, N. H. & H. R. Co.,* 70 Conn. 563, 564, 40 Atl. 533. This case follows the rule adopted in *Hine* v. *Belden,* 27 Conn. 384, and fails to follow the construction given to § 1 in *Rowen* v. *New York, N. H. & H. R. Co.,* 59 Conn. 364, 21 Atl. 1073, and is at variance with the construction invariably thereafter adopted. It makes no difference whether the Act relates to procedure or not. Section 1 applies to all Acts, of every kind, and we do not have one rule for determining the legislative intent in an Act relating to procedure, and another rule for all other kinds of Acts. There is nothing in the language of the Act, and nothing to be implied, that points

to the past.    The circumstance that the legislature esteemed the Act a beneficial one and the change in the remedy provided desirable, does not tend to indicate that it intended the Act to have a retrospective effect. Nor is its provision that it shall take effect from its passage at all persuasive of the legislative intent that it should apply to pending cases.    Such a provision is not uncommon in legislative enactments, and it has never been regarded as furnishing indication of an intent that the Act should apply to pending cases.    *State* v. *New York, N. H. & H. R. Co.,* 71 Conn. 43, 48, 40 Atl. 925, is an example of the construction of an Act taking effect from its passage.    If this Act were held to apply to all pending cases, we should have this anomalous situation: A case tried in the City Court of Hartford is on appeal tried in the Superior Court, and, while pending on appeal to the Supreme Court, is by the passage of the Act ended, since the appeal from the City Court vacated its judgment.    So too, a case pending on appeal to the Superior Court on the passage of the Act is ended.    An appeal allowed according to law, and duly taken, undoubtedly annuls the judgment of the court.    *Calhoun* v. *Terry Porter & Co.,* 21 Conn. 526, 531.    The rights of litigants are thus destroyed by the legislative Act.    No other result is possible, unless it be held that the cause pending in the City Court cannot be appealed to the Superior Court because affected by the Act, while the cause pending in the Superior Court already appealed is not affected by the Act.    No legal or logical reason can be suggested why we should hold that it was the legislative intent that the Act should apply to cases pending in one court and not the other.    To hold that the language of § 1 of the General Statutes, "The passage or repeal of an Act shall not affect any action then pending," applies to matters of substantive law affecting pending cases

and not to matters of adjective law, is to import into the statute something the legislature did not place there, and to ignore a provision, the terms and history of which, from its first appearance in our statute law, show the legislature intended should apply to all matters relating to pending cases, whether of substantive law or matters of procedure.

The majority opinion is clearly contrary to our repeated decisions, and it assigns no adequate reason for overruling the settled law and refusing to give effect to the plain terms of the statute. In my judgment the trial court did not err in its denial of the motion to erase.