LUIGI CARONA, ADMR.
(Estate of Angelina Carona)
vs.
CITY OF NEW HAVEN

Superior Court      New Haven County      File #46398

Present:  Hon. EDWIN C. DICKENSON, Judge.

W. H. Burland,                    Attorney for the Plaintiff.

Corporation Counsel,         Attorney for the Defendant.

MEMORANDUM FILED OCTOBER 7, 1935.

DICKENSON, J.  Section 1 of "An Act concerning sidewalks in The City of New Haven (1935)" provides that "any action brought against the City of New Haven claiming damages for injuries to person or property under **Section 1419 or 1420 of the General Statutes** shall be tried to the court and, if the court shall find for the plaintiff, a judgment rendered for him shall be recorded as in other civil actions, but no costs or judgment fee shall be taxed against the defendant."

The instant action, of the character mentioned, was made returnable the first Tuesday in February, 1935, an answer was filed September 14, 1935 and this motion filed October 1, 1935.  Objection is made on the ground that the claim is made after the statute went into effect.

Since the action is brought under a statute giving permission to sue the state, no constitutional right of trial by jury is involved and the question is what the legislature intended by the statute.

This right only exists in cases where it existed when the constitution was formed.  **State vs. Torello 103 Conn. 511-514; Doris vs. McFarland 113 Conn. 594 at 608.**

The question is one of procedure rather than substantive law.

In the absence of statute, the law is that—"When a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending and future actions" **25 R.C.L. 791.**

"Statutes regulating the procedure of the courts will be construed as applicable to causes of action accrued, and actions pending and undetermined at the time of their passage . . . . unless vested rights would be disturbed by giving them a retrospective operation." **Black on Interpretation of Laws 2nd Edition 408** and "In pursuance of the same general principle, statutes granting or transferring jurisdiction of cause may be so construed as to operate upon existing causes of action." **P. 413.** "But as ageneral rule a legislative enactment will not be construed to oust a jurisdiction once regularly and fully vested, unless such an intention is clearly expressed."

"Where a new statute deals with procedure only, prima facie, it applies to all actions, those which have accrued, or are pending and future actions. What was before a subject of equitable relief may be made triable by jury without affecting vested rights. If before final decision, a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate proceedings. But the steps already taken, the status of the case as to the court in which it was commenced, the pleadings put in and all things done under the late law will stand unless an intention to the contrary is plainly manifested"; . . . "A remedy may be provided for existing rights, and new remedies added to or substituted for those which exist", **Lewis' Sutherland Statutory Construction Volume 2, 2nd Edition, Section 674, Page 1225, 1228.**

But **General Statutes 1930 Section 6568** expressly provides that "The passage or repeal of an act shall not affect any actions then pending". This has been held not to affect procedural matters, **Zalenski vs. Waterbury Mfg. Co. 89 Conn. 46-48;** and to be simply a rule of construction where legislative intent is uncertain and ambiguous, and not to apply when it is clear the legislature intended the act to apply to pending cases, **Neilson vs. Perkins, 86 Conn. 425.** In a strong dissenting opinion in the last case Justice Wheeler states "The majority opinion is clearly contrary to our repeated decisions and it assigns no adequate reason for overruling the settled

law and refusing to give effect to the plain terms of the statute", **Page 434.**

Used simply as a rule of construction in the instant case, it would appear the act of 1935 does not apply to pending cases. It says nothing of pending cases and uses the expression "any action brought" which in common parlance would seem to mean "that shall be brought".

It is held the statute does not apply to cases pending when the act took effect. **Bryant vs. Hackett, 118 Conn. 233-238.**

The motion to put on the jury list is granted.