ANNE LEVINE *v.* ABETTA STORES, INC., ET AL.

SUPERIOR COURT  HARTFORD COUNTY  FILE NO. 152270

Memorandum filed January 5, 1968

No appearance for the plaintiff.

*Manion, Egan, Eagan & Jackson,* of Hartford, for the named defendant, and the defendant Great American Insurance Company.

*Pomeranz & Chernoff,* of Hartford, for the defendant Aetna Casualty and Surety Company.

*Day, Berry & Howard,* of Hartford, for the defendant The Continental Insurance Company.

PALMER, J. This is an appeal by the defendants Abetta Stores, Inc., and Great American Insurance Company, hereinafter called the appellants, from a ruling of the workmen's compensation commissioner for the first district in favor of the defendant Aetna Casualty and Surety Company. The commissioner found that the Aetna Casualty and Surety Company mistakenly provided workmen's compensation benefits to the claimant and thereby discharged the obligation of Great American Insurance Company to do so. He ordered Great American to pay Aetna Casualty $3716.26, being the amount of the mistakenly paid benefits.

The commissioner's ruling was dated July 28, 1967, and this appeal therefrom was filed in this court on August 4, 1967, returnable on the first Tuesday of September, 1967, which fell on September 5, 1967. On August 24, 1967, the commissioner filed in this court a copy of the ruling which is the subject of this appeal. On September 8, 1967, the appellants filed with the commissioner a motion to correct his ruling, and the commissioner denied this motion by a decision filed in this court on September 19, 1967.

As the appeal was filed on August 4, 1967, and the motion to correct was filed on September 8, 1967, there was a failure to comply with Practice Book § 438, which requires a motion to correct to be filed within two weeks after the appeal is filed. Where, however, a motion to correct is not filed within the time fixed by the rule, the action of the commissioner in ruling on the motion impliedly extends the time within which to file. *Rossi* v. *Jackson Co.*, 120 Conn. 456, 464.

Practice Book § 436 provides: "Within ten days after the return day of the appeal, the appellant shall file his reasons of appeal." In their brief, the appellants argue that "it was an impossibility to have complied with the requirements of the Practice Book since the Commissioner did not file his Ruling on the Motion to correct the finding until thirteen (13) days after the return date." Actually, the commissioner's ruling on the motion to correct was filed on September 19, 1967, which was fourteen days after the September 5, 1967, return day. The appellants' reasons of appeal were filed on November 29, 1967, after the instant motions to dismiss the appeal were filed on November 13, 1967, and November 17, 1967. If we assume that the time within which to file the reasons of appeal should not commence to run until the commissioner filed his ruling on September 19,

1967, on the motion to correct, the fact remains that the reasons of appeal were not filed until November 29, 1967, which was seventy-one days after the filing of the ruling on the motion to correct. In addition, November 29, 1967, was sixteen days after the filing of the motion to dismiss on November 13, 1967, and twelve days after that motion to dismiss appeared on the short calendar list of November 17, 1967. Both motions to dismiss are "for failure to file [the] reasons of appeal within the time required by law and also for failure to prosecute said appeal with proper diligence."

At the argument hereon at the short calendar on December 1, 1967, the appellants submitted to the court a motion to extend time within which to file reasons of appeal until December 1, 1967. As previously noted, the reasons of appeal were actually filed on November 29, 1967. The court undoubtedly has the power to grant this motion. "We have held that extensions of time within which to file papers may be granted after the time fixed by the rules has expired. . . . A court may act upon a motion filed after the time fixed by the rule and so extend the time by implication." *Rossi* v. *Jackson Co.*, supra, 463.

In respect to any motion for an extension of time to file papers, it is both customary and necessary to show some good cause why the motion should be granted. The instant motion for an extension of time alleges no cause or reason why it should be granted. The appellants' brief states only that it was an impossibility to comply with the rule (Practice Book § 436) requiring reasons of appeal to be filed within ten days after the return day because the commissioner did not file his ruling on their motion to correct until thirteen (actually, fourteen) days after the return day. The appellants, however, do not give or suggest any reason whatever for their

delay of seventy-one days in filing their reasons of appeal after the commissioner did file his ruling. Furthermore, the reasons of appeal were not filed until after the instant motions to dismiss the appeal were filed and after the first motion to dismiss appeared on the short calendar.

Section 31-301 of the General Statutes provides that appeals of workmen compensation cases to the Superior Court "shall be privileged in respect to their assignment for trial over all other actions except writs of habeas corpus and actions brought by or on behalf of the state." This statutory privilege manifests a public policy that such appeals should be heard as speedily as possible and that unjustified delays in the disposition of such appeals ought not to be permitted.

Under all the circumstances of this case, and particularly the fact that the appellants have suggested no reason or cause of any kind to explain the delay of seventy-one days in filing their reasons of appeal after the commissioner filed his decision on their motion to correct, the court lacks any ground or basis to justify its granting their motion to extend the time within which to file reasons of appeal, and it is therefore denied.

The motion for an extension of time within which to file reasons of appeal having been denied, the reasons of appeal have not been properly filed and must be disregarded. Without reasons of appeal, the appeal is defective, and should therefore be dismissed. *Greenwood* v. *Luby,* 105 Conn. 398, 402.

The court notes that the parties to this appeal have not made any reference to § 2 of No. 692 of the Public Acts of 1967, which became effective October 1, 1967, and which amends § 31-301 of the General Statutes by adding thereto the following: "The

procedure in appealing from an award of the compensation commissioner shall be the same as the procedure employed in an appeal from the superior court to the supreme court." This appeal was pending on the effective date of the amendment, and the amendment is obviously procedural in nature. Legislation which is general in its terms and affects only matters of procedure is presumed to have been intended to be applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary. *Lavieri* v. *Ulysses,* 149 Conn. 396, 401; *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418; *Neilson* v. *Perkins,* 86 Conn. 425, 428. No contrary intention is expressed in the amendment.

Forty-four days elapsed between October 1, 1967, the effective date of the amendment, and the filing of the first motion to dismiss, one ground of which was "failure to prosecute said appeal with proper diligence." Forty-eight days elapsed between the effective date of the amendment and the filing of the second motion to dismiss, which also alleged "failure to prosecute said appeal with proper diligence." The reasons of appeal were filed sixty days after the effective date of the amendment.

Section 696 of the rules for the Supreme Court provides in part as follows: "If a party shall fail to prosecute an appeal . . . with proper diligence, this court may, on motion by any other party to the appeal . . . or of its own motion, dismiss the appeal . . . with costs." This rule is applicable to all appeals from the Superior Court to the Supreme Court and has been frequently employed by the Supreme Court to dismiss appeals from the Superior Court for failure to prosecute with proper diligence.

The court is of the opinion that the amendment effective October 1, 1967, providing that the pro-

cedure in appeals from a compensation commissioner "shall be the same as the procedure employed in an appeal from the superior court to the supreme court," was applicable to this pending appeal; that Practice Book § 696, providing for a dismissal for failure to prosecute an appeal with proper diligence, is part of "the procedure employed in an appeal from the superior court to the supreme court"; and that the delay in the prosecution of this appeal after the effective date of the amendment constituted failure to prosecute the appeal with proper diligence. Such failure is a sufficient ground for the dismissal of this appeal. Practice Book § 696.

Judgment may enter dismissing the appeal, with costs.